Fred Nelvin PORTER, Jr., Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 04–85–00134–CV.

Court of Appeals of Texas,
San Antonio.

June 18, 1986.

William M. Porter, San Antonio, for appellant.

Cynthia Bivins, Edward Shaughnessy, III, Dist. Atty's. Office, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from suspension of appellant's driver's license for refusal to submit to a breathalyzer test. TEX.REV. CIV.STAT.ANN. art. 6701*l*–5, § 2(f) (Vernon Supp.1986). We affirm the suspension.

On January 28, 1984, appellant was stopped for speeding by a Texas Highway Patrol Trooper, Darrell Richter. The officer's affidavit indicates he then observed that appellant's speech was slurred, his eyes were bloodshot, he had difficulty keeping his balance and emitted a strong odor of alcohol. Appellant was ticketed for speeding and then arrested for driving while intoxicated. The arresting officer did not testify. Upon making the arrest, Officer Richter requested that appellant submit to a breathalyzer test and appellant refused.

Article 6701*l*–5, *supra*, provides in pertinent part:

Section 1. Any person who operates a motor vehicle upon the public highways ... shall be deemed to have given consent ... to submit to the taking of one or more specimens of his breath or blood for the purpose of analysis to determine the alcohol concentration ... if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated.... The specimen, or specimens, shall be taken at the request of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways ... while intoxicated.

Section 2. Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest.

The record shows compliance with the procedural requirements set out in section 2, *supra*.

Appellant brings four points of error, the first that there was no probable cause for stopping him. Because he was initially stopped and ticketed for speeding, appellant argues there was no basis to arrest for DWI and request a breathalyzer test, and therefore, evidence of the refusal is inadmissible.

In *Gandara v. State*, 661 S.W.2d 749, 750 (Tex.App.—El Paso 1983, pet. ref'd), it was stated that once the officer stopped the defendant and observed his slurred speech, bloodshot eyes, his difficulty in keeping his balance, and the strong odor of alcohol, there was cause to administer a breathalyzer test.

We will first address points of error two through four: whether there was error in the admission of Officer Richter's report (affidavit) on the ground it is hearsay. The affidavit contains Officer Richter's sworn statement that he arrested appellant and requested his submission to a breathalyzer test, stating the reasonable grounds upon which he relied to determine that appellant was driving while intoxicated. Appellant argues the report is not an exception to hearsay as provided in TEX.R.EVID. 803(8); it is not trustworthy in that it was filed a month after his arrest; and appellant did not have an opportunity to cross examine Officer Richter, thus his due process rights were denied.

Rule of Evidence 803(8) provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(8) Public records and reports. Records, reports, statements, or data compilations, in any form of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there

was a duty to report, or (C) factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

■ We hold the sworn report in question is an exception to the hearsay rule, pursuant to rule 803(8). To qualify a report as one contemplated under rule 803(8), appellee need only establish that the document is authentic and that it contains one of the three types of matters specified in the rule. Texas Rules of Evidence Handbook, 20 Houston L.Rev. 477, 522 (1983). The authenticity of the instant report is not disputed. Further, appellee established the report is that of a public office setting forth matters observed by Officer Richter, pursuant to duty imposed by law, as to which matters there was a duty to report.

Appellant's allegations concerning the trustworthiness of the report are without merit. Unlike rule 803(6), the business records exception, neither regularity nor contemporaneity is required to qualify a public record or report for admission under rule 803(8), Texas Rules of Evidence Handbook, *supra.* Appellant has not specified how the delay between his arrest and the filing of the instant report otherwise affected its trustworthiness.[1] We overrule this point.

■ Likewise, we overrule appellant's due process argument. Rule 803(8) does not condition the admissibility of a public report or record on the declarant's unavailability. It was not shown that appellant was precluded from calling Richter as a witness nor that he was thereby deprived of the right to cross examine him. Points of error two through four are overruled.

Regarding the first point of error, we note the question whether the initial stop of appellant was valid did not arise until appeal. It is a well settled rule that any matter that is not fundamental must be raised by the proper objection at trial; the appellant may not raise for the first time on appeal an alleged error.

The State's counterpoint to appellant's point of error simply recognizes that the arresting officer had probable cause for requesting the breathalyzer test, and it does not address the "invalid stop" point. It would thus seem to be the State's position that once there is an arrest for DWI, it is not required for purposes of this suspension hearing to prove any other preliminary matter.

The trial court is required by the statute, *supra,* to find (1) that probable cause existed that the person was driving while intoxicated on a public highway or beach, (2) that he was arrested and given the chance to take the test, and (3) that he refused to do so upon request.[2] It may be pertinent also that the hearing and appeal are conducted under the provisions of TEX.REV.CIV. STAT.ANN. art. 6687b, § 22(a) (Vernon Supp.1986).

■ We rule that appellant did not properly preserve any objection as to the initial stop. *See e.g., Powell v. Powell,* 604 S.W.2d 491, 493 (Tex.Civ.App.—Dallas 1980, no writ). Therefore, we decline to determine whether proof of the initial stop's validity was made, or whether absent such proof, where that specific objection has been made at trial, this would affect the court's order of suspension. We overrule the first point of error.

The judgment is affirmed.

---

**1.** It is suggested that officers' reports be filed immediately after the event.

**2.** Appellant testified he was stopped for speeding and subsequently charged with DWI. He said the officer requested him to take a breathalyzer test and he refused.