**Donato CASTRO, Appellant,**

v.

**Marcus Glen SEBESTA, Jr., Appellee.**

**No. 01–90–00019–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 28, 1991.

Armando Lopez and Mary L. Sinderson, Houston, for appellant.

J. Don Jackson and Scott A. Hooper, Houston, for appellee.

Before O'CONNOR and HUGHES, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

The question presented by this appeal is whether defendant's stipulation of gross negligence is grounds to exclude evidence of gross negligence. Donato Castro, plaintiff, appeals from a jury verdict that awarded him only actual damages and no punitive damages. Plaintiff contends the trial court improperly excluded evidence of defendant's gross negligence. Appellee has filed motions for rehearing, to withdraw motion for rehearing, to withdraw our opinion, and to expedite remand. We overrule all motions, except the motion to expedite issuance of remand, which we grant pursuant to TEX.R.APP.P. 86(b). However, we withdraw our earlier opinion, issued on January 31, 1991, and substitute this opinion in lieu thereof. We agree with plaintiff's contention and reverse and remand for a new trial.

Marcus Sebesta, Jr., defendant, while smoking marihuana, drove head-on into an oncoming car, killing two people and seriously injuring seven others, including plaintiff. Plaintiff's head went through the windshield of his car, where he was trapped until the roof of the car was cut away and pulled back. Plaintiff's neck, wrist, and hip were broken; his neck was cut from ear to ear, severing nerves and muscles in his face, neck, and tongue. His injuries left him permanently disabled.

### I. Scope of admissible evidence

Defendant stipulated actual and gross negligence and proximate cause. As a result of the stipulation, the trial court ruled that the only evidence that was probative was evidence of actual and punitive *damages*. The trial court did not permit any evidence of negligence or gross *negligence* that did not immediately precede the accident.

At the pretrial conference, the trial court defined the scope of admissible evidence:

Since negligence and gross negligence have been admitted by the defendants in this case—I have advised plaintiffs counsel that these witnesses may testify only

in three primary areas.... They can testify about whether or not the defendant was smoking marijuana and if so how much. They can testify about how he drove the vehicle immediately before the accident, whether he was speeding or driving recklessly or weaving or those kind of things. I will allow him to testify generally about the condition of either car or other driver and the people in it physical, mental or otherwise, immediately before the accident but *I will not allow testimony from these witnesses about Sebesta's proclivity with respect to driving automobiles fast or smoking marijuana prior to the accident or subsequent to the accident because I don't find it relevant.*

(Emphasis added.) All the court's rulings on evidence conformed to its decision that gross negligence was not relevant. The court's ruling excluding evidence of gross negligence, by necessity excluded all the evidence that was relevant to the issue of punitive damages—evidence of gross negligence is the same evidence that supports a finding of punitive damages.

By limiting the evidence to the events immediately surrounding the accident, the trial court permitted the jury to believe that defendant's conduct that led to the accident could have been the result of an isolated event. That was contrary to plaintiff's theory of his lawsuit: Plaintiff alleged that defendant, by repeatedly violating laws designed to protect the public, showed a disregard for the safety of others, and thus was responsible for punitive damages. The trial court limited the jury's view of defendant's conduct to the accident; plaintiff's theory encompassed more than just the accident.

## II. Standard of review

■ To convince an appellate court to reverse a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was error *and* the error was calculated to cause and probably did cause rendition of an improper verdict. *See Texaco, Inc. v. Pennzoil, Inc.,* 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); TEX.R.APP.P. 81(b)(1).

When an appellant seeks a reversal on the grounds of improper exclusion of evidence, the appellant must satisfy the requirements in rule 81(b)(1), and show

1. the exclusion of the evidence was error; and

2. the admission of the evidence probably would have had an effect on the jury's assessment of the entire case.

*Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989). Plaintiff was not required to prove that *but for* the erroneous exclusion of the evidence, a different judgment *would* have resulted. *Texas Power & Light Co. v. Hering,* 224 S.W.2d 191, 192 (Tex.1949); *Howard v. Faberge, Inc.,* 679 S.W.2d 644, 648 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).[1] It is enough that plaintiff shows that an improper judgment *probably* resulted. *King v. Skelly,* 452 S.W.2d 691, 696 (Tex.1970); *Howard,* 679 S.W.2d at 648.

## III. Exclusion of evidence

Under his sole point of error, plaintiff argues the trial court erred in excluding testimonial and documentary evidence of gross negligence. We will deal with it in separate classifications as offered in plaintiff's brief.

### A. Exclusion of photographs

Under subpart II.A of plaintiff's sole point of error, plaintiff argues that the trial court committed error in excluding photographs. Of the 30 photographs plaintiff offered of the accident scene, the trial court admitted only three. Two of the

---

**1.** There is a line of cases that suggest that a case should not be reversed unless the whole case turns on the particular evidence admitted or excluded. See, for example, such language in *Texaco, Inc.,* 729 S.W.2d at 837; *Atlantic Mut. Ins. Co. v. Middleman,* 661 S.W.2d 182, 185 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). That language *seems* in conflict with the directives from the supreme court in *King,* 452 S.W.2d at 696, *Pittman v. Baladez,* 158 Tex. 372, 312 S.W.2d 210, 216 (1958), *Hering,* 224 S.W.2d at 192, and our holding in *Howard,* 679 S.W.2d at 648. Because this case turns upon the cumulative error in the exclusion of evidence, we are not called upon to resolve the confusion here.

admitted photographs show, from long a distance, that defendant's car was on the wrong side of the road; the third photograph, from a short distance, shows the front end of both cars facing each other.

The trial court refused to admit the other 27 photographs because defendant had stipulated actual and gross negligence. In the opinion of the trial court, defendant's stipulation of negligence destroyed the photographs' evidentiary value, and any probative value of the photographs was then outweighed by their prejudice. The court ruled that the photographs were not relevant to any remaining contested issue, that is, the amount and type of damages.

■ The first question this Court must ask is: Was the trial court correct in assuming the photographs were prejudicial? The excluded photographs depict the car in which plaintiff was injured and show how the roof of the car was cut away to rescue plaintiff. Only two of the photographs depict injured persons, neither one the plaintiff, and they were taken from a distance, showing no blood or gore. Rule 403 of the Texas rules of Civil Evidence permits the exclusion of relevant evidence only when its probative value is substantially outweighed by its unfair prejudice. Nothing in these photographs presented an unfair or prejudicial view of the accident.

■ The next question: Did the trial court follow any principles or guidelines in finding these photographs had no probative value for damages? In reviewing awards of punitive damages, the supreme court tells us to consider the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties, and the extent to which the conduct offends a public sense of justice and propriety. *Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981). Punitive damages are meant to punish the wrongdoer, to serve as an example to others, to reimburse for losses too remote to be considered elements of compensation, and to compensate for inconvenience and attorney's fees. *Hofer v. Lavender,* 679 S.W.2d 470, 474 (Tex.1984).

The photographs could have helped the jury to better understand the nature of defendant's fault, the character of defendant's conduct, the defendant's degree of culpability, the situation and sensibilities of the parties, and the extent to which defendant's conduct offended the public sense of justice and propriety. *Kraus,* 616 S.W.2d at 910. Without the photographs, the jury had no means to assess the full extent of the impact of defendant's conduct. For these reasons, we hold the trial court should have admitted the photographs and it erred when it excluded them.

■ The last question is: Did the exclusion of that evidence probably result in an improper judgment? This Court has held, if other evidence of the type excluded was admitted into evidence, the error was harmless. *Joachim v. Magids,* 737 S.W.2d 852, 857 (Tex.App.—Houston [1st Dist.] 1987, writ denied); *Texaco, Inc.,* 729 S.W.2d at 840. Because the excluded photographs vary significantly from the admitted photographs and give a more comprehensive view of the scene, their exclusion could have caused the rendition of an improper judgment.

In summary, we hold the exclusion of the photographs was error for the following reasons: The photographs were not prejudicial; the photographs could have helped the jury to understand better the accident; and, the exclusion of the photographs limited the jury's view of the havoc defendant's conduct wreaked on plaintiff and others.

**B. Exclusion of testimony**

■ Under subpoint II.B of plaintiff's sole point of error, plaintiff challenges the trial court's ruling that limited the testimony of the live witnesses to the issues of damages. The trial court prohibited testimony from Lisa Fisk and Kelley Chambers, passengers in defendant's automobile, which testimony plaintiff preserved in a bill of exceptions. Plaintiff argues that their testimony should have been allowed under Tex.R.Civ.Evid. 404(b), to prove defendant's state of mind at the time of the accident.

In the bill of exceptions, Fisk testified that it was common knowledge in the com-

munity, not just the school, that defendant used drugs. Fisk testified that she rode with defendant three weeks before the accident and defendant smoked a joint of marihuana while he drove his car. She also testified that after the accident, before the police arrived, defendant was concerned about hiding the bag of marihuana and getting it out of the car. Fisk testified that defendant continued to use drugs after the accident, showed no remorse about the accident, and in her opinion, did not learn a lesson from the accident.

In the bill of exceptions, Kelley Chambers testified that defendant had a reputation for using and selling drugs in the community. Some of the drugs he used were marihuana, speed, quaaludes, and mandrex. When Chambers was subpoenaed for the grand jury, defendant told her she would be stupid to say anything about marihuana in the car on the night of the accident because no one would ever find out. Chambers testified that defendant did not show any remorse for the accident. After the accident, she heard defendant was still doing drugs.

Rule 404(b) provides that evidence of other wrongs is not admissible to prove the character of a person in order to show that he acted according to his character. *Nix v. H.R. Management Co.*, 733 S.W.2d 573, 576 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). Such evidence is admissible, however, to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX.R. CIV.EVID. 404(b); *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex.App.—Houston [1st Dist.] 1985, no writ); Plaintiff argues that the evidence was admissible to prove defendant's state of mind at the time of the accident, which would go to the issue of punitive damages. Plaintiff argues that

the evidence was not offered to prove *whether* defendant committed a negligent act (defendant stipulated that); the evidence was offered to prove the *quality* of defendant's act.

We agree. The limitation on the evidence imposed by the court did not allow the plaintiff to show defendant's actual level of culpability. That defendant regularly smoked marihuana while driving a car was relevant to the determination of punitive damages. To determine if an award for punitive damages was appropriate, plaintiff should have been able to show the jury just how indifferent the defendant was to the danger of driving a car while smoking marihuana.

The exclusion of the testimony was calculated to and probably did cause the rendition of an improper judgment. *Texaco, Inc.*, 729 S.W.2d at 837; TEX.R.APP.P. 81(b)(1). In *Kanow*, this Court held a person's criminal history was admissible to show the *context* of the alleged contract. 691 S.W.2d at 806. Here, we hold that defendant's history of driving while under the influence of illegal drugs was admissible to show the *context* of his actions on the night of the accident.[2] Considering the entire case, if the court had permitted plaintiff to elicit evidence that defendant had regularly smoked marihuana while driving, it probably would have changed the outcome of the verdict, resulting in an improper judgment.

### C. Exclusion of public records

Under subpart II of plaintiff's point of error, plaintiff challenges the trial court's exclusion of certain documentary evidence offered as public records under TEX.R.CIV. EVID. 803(8).[3] Rule 803(8) states that hearsay rule does not exclude public

---

**2.** Additionally, TEX.R.CIV.EVID. 406 states that evidence of the habit of a person, whether corroborated or not and regardless of the presence of eyewitness, is relevant to prove that the conduct of the person on a particular occasion was in conformity with the habit or routine practice. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 302 (Tex.1990). Because defendant's routine safety practice, or lack of it, was relevant to the issue of punitive damages, the trial court erred in refusing to permit plaintiff to introduce the

testimony of Fisk and Chambers relating to defendant's use of drugs.

**3.** The record is somewhat confusing about the rulings on the documentary evidence. The court made two rulings on most of the documentary evidence as a part of a·ruling on a motion in limine and for a pretrial determination of admissibility.

records, even though the declarant is available to testify. To qualify as a report under rule 803(8), plaintiff need only show that the document is authentic and that it contains one of the three types of matters specified in the rule. *Porter v. Texas Dept. of Public Safety*, 712 S.W.2d 263, 265 (Tex.App.—San Antonio 1986, no writ); *see Texas Rules of Evidence Handbook*, 20 HOUSTON L.REV. 477, 522 (1983). The report may contain one of the following: (1) activities of the office; (2) matters observed pursuant to duty imposed by law which also imposes a duty to report; or (3) factual findings resulting from an investigation made pursuant to authority granted by law. TEX.R.CIV.EVID. 803(8). Only when the sources of the information or other circumstances indicate lack of trustworthiness, should a report be excluded under the rule. *Id.*

### 1. Defendant's driving record

■ When plaintiff offered exhibit 11C, a copy of defendant's driving record, the trial court concluded it was not admissible on grounds of relevance. The first page of exhibit 11C contains a statement that it is certified by the custodian of the records according to the provisions in TEX.R.CIV. EVID. 902(4) and contains the signature of that official under seal.

Exhibit 11C contains information about defendant's driving record that includes two other accidents and the traffic tickets. This Court in *Drake v. Texas Department of Public Safety*, 393 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1965, writ ref'd n.r.e.), held that a certificate showing the operating record of a party was admissible as prima facie evidence of the matters stated in it, citing TEX.REV.CIV.STAT.ANN. art. 3731a, repealed by the new Texas Rules of Civil Evidence. Under rule 803(8), the properly authenticated copy of defendant's driving record, if relevant, was admissible and not subject to the challenge that it was hearsay. *Drake*, 393 S.W.2d at 325; *Porter*, 712 S.W.2d at 265; *Laing v. Texas Department of Public Safety*, 700 S.W.2d 38, 40 (Tex.App.—Fort Worth 1985, no writ).

In *Kanow*, this Court held evidence of a person's criminal history was admissible to show the context of the alleged contract. 691 S.W.2d at 806. Here, we hold that defendant's driving record was relevant and admissible to show the context of his actions on the night of the accident. The trial court should have permitted plaintiff to introduce defendant's driving record.

### 2. Defendant's urine analysis report

■ Plaintiff offered evidence of the urine analysis report that was prepared as part of the supervision of defendant during his probation, exhibit 56. The report showed a positive test for marihuana. The trial court ruled the urine analysis was not admissible because it was hearsay. Plaintiff claims the urine analysis was not hearsay under TEX.R.CIV.EVID. 803(8).

Before a public record can be admitted as an exception under the hearsay rule, the party offering the document must show it is authentic. TEX.R.CIV.EVID. 901(a); *Porter*, 712 S.W.2d at 265; *see also Henderson v. Heyer–Schulte Corp.*, 600 S.W.2d 844, 850 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (the trial court properly excluded the document that the witness could not identify or authenticate). A document is considered authentic if a sponsoring witness vouches for its authenticity or if the document meets the requirements of self-authentication in TEX.R.CIV.EVID. 902.

No sponsoring witness attested to the authenticity of exhibit 56 and it was not a self-authenticating document. Exhibit 56 is merely a photocopy of a form entitled "Harris County Adult Probation Department Urine Analysis Request," with certain information entered in handwriting. The form was signed by an officer and an observer, but neither signature identifies the person by title and the document was not under seal.

To be a self-authenticating document, a public record must meet one of the requirements listed in TEX.R.CIV.EVID. 902. Exhibit 56 did not meet any of the conditions for self-authentication for a public document in rule 902: it was not under seal, was not certified, was not issued as a publication by a public authority, was not acknowledged,

nor was it accompanied by a business record affidavit. TEX.R.CIV.EVID. 902(1), (2), (4), (5), (8), (10). The trial court correctly excluded exhibit 56.

### 3. Defendant's presentence investigation report

■ Plaintiff offered into evidence defendant's Harris County presentence investigative report, exhibit 108F. The investigative report contained admissions by defendant and the defendant's reputation in the community. The trial court ruled the presentence investigation report was not admissible because it was hearsay. Plaintiff claims that the report was not hearsay under TEX.R.CIV.EVID. 803(8).

No sponsoring witness attested to the authenticity of exhibit 108F and it was not a self-authenticating document. The investigative report was entitled "Presentence Investigation," was signed by the investigator and the investigator's supervisor, but neither signature identified the agency which employed them. Nothing in the documents attested to the authentication of the document.

Exhibit 108F did not meet any of the conditions for self-authentication of a public document in rule 902: it was not under seal, it was not certified, it was not issued as a publication by a public authority, it was not acknowledged, nor was it accompanied by a business record affidavit. TEX.R. CIV.EVID. 902(1), (2), (4), (5), (8), (10). The trial court properly excluded exhibit 108F.

### D. Michael McCormack's affidavit

■ As part of subpart II.C of plaintiff's point of error, plaintiff argues that the court erred in refusing to admit the affidavit of Michael McCormack, a passenger in defendant's car, who gave a statement to the grand jury about the accident, exhibit 108I. In the affidavit, McCormack admitted to using illegal drugs with defendant and said defendant regularly drove around smoking marihuana. On the stand, McCormack refused to identify the affidavit because, he said, he lost his memory since making it. Later plaintiff offered the affidavit as a statement against interest, an exception to the hearsay rule. TEX.R. CIV.EVID. 803(24).

Plaintiff could not show the document's authenticity because he could not present a sponsoring witness to vouch for its authenticity and it was not a self-authenticating document. TEX.R.CIV.EVID. 901(a), 902. Without authentication, the court could not find the affidavit was a statement made by McCormack, much less a statement made by McCormack against his penal interest. *See Henderson,* 600 S.W.2d at 850 (the trial court properly excluded the document when the witness could not authenticate it).

We overrule subpart II.C relating to McCormack's affidavit.

### E. Exclusion of unidentified witnesses

■ As part of subpart II.D of plaintiff's point of error, plaintiff argues that the trial court erred in refusing to permit him to call 39 witnesses he had not named in answers to interrogatories. Four days before trial, plaintiff attempted to supplement his answer to defendant's interrogatory number 22, which asked for the names of witnesses plaintiff intended to call at trial. Originally, plaintiff included only the passengers in the two cars. At the pretrial conference, plaintiff attempted to add the names of 39 other persons.

■ Rule 166b(6) of the Texas Rules of Civil Procedure allows a party to supplement a discovery response less than 30 days before trial only if the court finds good cause exists for permitting later supplementation. Failure to supplement properly results in the loss of the witness' testimony unless good cause exists for the late supplement. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 297 (Tex.1986); *Lohie Inv. Co. v. C.G.P., Inc. No. 10,* 751 S.W.2d 313, 315 (Tex.App.—Houston [1st Dist.] 1988, writ dismissed); TEX.R.CIV.P. 215(5). At the pretrial conference, plaintiff admitted it was an oversight not to supplement within the time prescribed by the rules. The trial court found this was not a good cause.

We will not overrule a trial court's decision unless we find the court abused its discretion. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 442–43 (Tex.1984). Forgetfulness, without more, is not a good cause to excuse the failure to supplement

**197**

answers to interrogatories. Thus, the trial court did not abuse its discretion by excluding the witnesses. We overrule subpart II.D of plaintiff's point of error.

**F. Depositions from related cases**

As part of part II of plaintiff's point of error, plaintiff contends the trial court erred in refusing to admit depositions taken during other proceedings. Plaintiff claims that all discovery in all the negligence cases brought against the defendant for the same automobile collision are admissible in his suit under the provisions in TEX.R.CIV.P. 207(1)(a) and (b).

We do not have to reach this issue. The trial court excluded the depositions plaintiff offered on the grounds that the witnesses were not properly identified as witnesses in response to interrogatories. Thus, if their live testimony could not be admitted, neither could their deposition.

EVANS, C.J., not participating.