Shirley Abbott McRae v. Roderick Neal Echols
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-311-CV

     SHIRLEY ABBOTT McRAE,
                                                                         Appellant
     v.

     RODERICK NEAL ECHOLS,
                                                                         Appellee
 

From the 87th District Court
Limestone County, Texas
Trial Court # 24,665-B
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      This is an appeal from a judgment rendered against Shirley McRae for damages sustained
by Roderick Echols in an automobile-forklift collision. McRae asserts in three issues that: (1)
the court erred in admitting a peace officer’s accident report as an “Official Document”; (2)
the evidence does not support the jury’s failure to find that Echols’ negligence was a proximate
cause of the accident; and 3) the jury was selected in violation of Rule of Civil Procedure 232. 
We will affirm the judgment. 
 

FACTS
      On March 14, 1996, Echols, in the course of his employment, drove a forklift
approximately one block southbound on Highway 39 in Limestone County. McRae was
traveling the same direction on Highway 39 and, while Echols was turning left, attempted to
pass him. They collided predominantly on the shoulder of the northbound lane. Echols sued
McRae for injuries he sustained. Evidence at trial revealed that Echols did not signal that he
was turning left, did not display warnings that the forklift is a “slow-moving vehicle,” and did
not have working brake lights on the forklift. Evidence also showed that McRae received a
citation for failing to pass safely. At the conclusion of trial, the jury found McRae’s
negligence to be the proximate cause of the occurrence, and failed to find that Echols’
negligence, if any, was the proximate cause. The jury further found Echols’ damages to be
$39,800. Judgment was entered for this amount, plus interest. From this judgment, McRae
appeals. 
THE VENIRE
      McRae’s third issue attacks the court’s failure to properly empanel the jury under the
Rules of Civil Procedure. See Tex. R. Civ. P. 224, 231-32. Rule 224, regarding the
preparation of a jury list, states that the clerk “shall draw from the box, in the presence of the
court, the names of twenty-four jurors . . . .” Id. 224. Rule 231 provides:
If the challenges [for cause] reduce the number of jurors to less than twenty-four, if in the
district court, or to less than twelve, if in the county court, the court shall order other
jurors to be drawn from the wheel or from the central jury panel or summoned, as the
practice may be in the particular county, and their names written upon the list instead of
those set aside for cause. Such jurors so summoned may likewise be challenged for cause.

Id. 231. Rule 232 states:
 

If there remain on such lists not subject to challenge for cause, twenty-four names, if in
the district court, or twelve names, if in the county court, the parties shall proceed to make
their peremptory challenges. A peremptory challenge is made to a juror without assigning
any reason therefor.

Id. 232. Although not specifically stated in the record, it is apparent that voir dire began with
only twenty-three jurors and that McRae alerted the court to this deficiency at the beginning of
voir dire. The court invited McRae to make her objection to the panel after Echols had
completed his voir dire examination and before McRae began hers. She lodged an objection to
proceeding with voir dire in violation of Rules 231 and 232 and asked the court to declare a
mistrial. That objection was overruled. Because the rules contemplate a panel of at least
twenty-four jurors in a district court when the time comes to exercise peremptory challenges,
the court erred in not summoning at least one other juror.


 
      McRae asserts that a violation of these rules mandates automatic reversal. We disagree.


 
Rule of Appellate Procedure 44.1 states that “[n]o judgment may be reversed on appeal on the
ground that the trial court made an error of law unless the court of appeals concludes that the
error complained of: (1) probably caused the rendition of an improper judgment; or (2)
probably prevented the appellant from properly presenting the case to the court of appeals.” 
Tex. R. App. P. 44.1(a).
      At the conclusion of voir dire, no challenges for cause were made. Each party was given
six peremptory strikes. It is unclear from the record whether the parties each used a
peremptory strike on the same juror, or if one party chose not to use all six strikes.
Regardless, after the strikes were exercised, the court empaneled a twelve-member jury, to
which McRae lodged no objection. Nothing in the record thereafter leads us to conclude that
the error in not summoning an additional juror caused rendition of an improper judgment or
prevented McRae from properly presenting her case on appeal. Id. Issue three is overruled. 
ACCIDENT REPORT
      McRae’s first issue asserts that the court erred in admitting a certified copy of an accident
report prepared by a peace officer shortly after the accident occurred. DPS Officer Thomas
Peoples was not called to testify at trial. Rather, his written report was offered into evidence
“as an official record” without a supporting witness. McRae objected that the report was
hearsay and contained expert opinions not properly predicated.


 
      Accident reports are admissible under Rule 803(8) as exceptions to the hearsay rule. Tex.
R. Evid. 803(8); Sciarrilla v. Osborne, 946 S.W.2d 919, 923-24 (Tex. App.—Beaumont
1997, pet. denied); Carter v. Steere Tank Lines, Inc., 835 S.W.2d 176, 181 (Tex.
App.—Amarillo 1992, writ denied) (citing Clement v. Texas Dept. of Public Safety, 726
S.W.2d 579, 581 (Tex. App.—Fort Worth 1986, no writ); Porter v. Texas Dept. of Public
Safety, 712 S.W.2d 263, 265 (Tex. App.—San Antonio 1986, no writ)). Rule 803(8) provides
for the admissibility of records, reports, statements, or data compilations, in any form, of
public offices or agencies setting forth:
      (A) the activities of the office or agency;
 
(B) matters observed pursuant to duty imposed by law as to which matters there was a
duty to report, excluding in criminal cases matters observed by police officers and
other law enforcement personnel; or
 
(C) in civil cases as to any party and in criminal cases as against the state, factual findings
resulting from an investigation made pursuant to authority granted by law;

      unless the sources of information or other circumstances indicate lack of trustworthiness.

Tex. R. Evid. 803(8). There is no evidence to show a lack of trustworthiness. Thus, the
court did not err in admitting the report on this basis. However, having determined the
accident report is admissible as an exception to the hearsay rule, we still must determine if the
accident report contained expert opinions which should have been excluded.
      The report contains a section, “INVESTIGATOR’S NARRATIVE OPINION OF WHAT
HAPPENED,” in which Peoples wrote:
Unit # 1 and Unit # 2 were traveling south on FR 39. Unit # 1 [proceeded] to turn left
into a private drive as Unit # 2 struck Unit # 1 causing the above mentioned damage. Unit
# 2 also struck a guard rail.

The report further contains a section entitled “FACTORS AND CONDITIONS LISTED ARE
THE INVESTIGATOR’S OPINION.” Peoples chose item 26, “FAILED TO PASS TO LEFT
SAFELY” as a “Unit # 2" factor contributing to the accident. The report also has a hand-drawn sketch showing how the collision occurred. Thus, the report does contain the officer’s
opinions regarding causation. 
      Rule 803(8) is substantively identical to Federal Rule 803(8). Compare Tex. R. Evid.
803(8) with Fed. R. Evid. 803(8). The United States Supreme Court in Beech Aircraft Corp.
v. Rainey, considered whether the term “factual findings” in Federal Rule 803(8) encompasses
“opinions” or “conclusions.” Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 162, 109 S.Ct.
439, 446, 102 L.Ed.2d 445 (1988). The Court interpreted the Rule broadly, noting that it does
not state that “factual findings” are admissible, but rather that “reports . . . setting forth . . .
factual findings” are admissible. Id. at 165, 109 S.Ct. at 447. The Court went on to hold that
“portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not
inadmissible merely because they state a conclusion or opinion. As long as the conclusion is
based on a factual investigation and satisfies the Rule’s trustworthiness requirement, it should
be admissible along with other portions of the report.” Id. at 170, 109 S.Ct. at 450.


 
      We see no reason to distinguish our Rule 803(8) from Federal Rule 803(8). The officer’s
conclusions and opinions stated within the report are based on his factual investigation of the
accident. As stated earlier, no challenge was made to the trustworthiness of the report. Thus,
issue one is overruled. 
SUFFICIENCY POINTS
      McRae’s second issue challenges the “legal and factual sufficiency” of the jury’s failure to
find that Echols was negligent. She asserts that Echols’ admissions that:
      a.   the forklift was an unsafe vehicle;
      b.   there were no tail lights on the forklift;
      c.   there were no brake lights on the forklift;
      d.   there were no turn signals on the forklift;
      e.   he was instructed not to give a hand signal while using the forklift;
      f.   there were no warning signs on the forklift; and
      g.   there were no escort vehicles accompanying the forklift

establish his negligence as a “matter of law.” Alternatively, she asserts that the failure to find
negligence was contrary to the great weight and preponderance of the evidence. The jury was
asked and responded:
Did the negligence, if any, of the persons named below proximately cause the occurrence
in question:
      Answer “Yes” or “No” for each of the following:
      A.  Shirley McRae          Yes 
      B.  Roderick Echols        No 

      The jury's negative answer represents a refusal to find from a preponderance of the
evidence that Echols’ negligence proximately caused the accident. Sterner v. Marathon Oil
Co., 767 S.W.2d 686, 690 (Tex. 1989). The broad-form submission makes it impossible for a
reviewing court to ascertain whether the jury felt that Echols was not negligent or that his
negligence was not a proximate cause of the accident. See Dealers Elec. Supply v. Pierce, 824
S.W.2d 294, 294-95 (Tex. App.—Waco 1992, writ denied). 
      Assuming that Echols was negligent as a matter of law, the jury's negative answer could
have been based on its conclusion that his negligence was not a proximate cause of the
collision. Id. The question of causation is one for the trier of fact when general experience
and common sense enables a layman to determine the causal relationship between events and
conditions. Id. (citing Travenol Labs., Inc. v. Bandy Labs., Inc., 608 S.W.2d 308, 312 (Tex.
Civ. App.—Waco 1980, writ ref'd n.r.e.)). Thus, the question of causation was for the jury. 
See id. Issue two is overruled.
      Having overruled all issues presented, we affirm the judgment.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
          (Justice Gray dissenting)
Affirmed
Opinion delivered and filed January 12, 2000
Publish