Opinion issued April 30, 2009

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00470-CV






XIAO YU ZHONG AND YING CHUN MA, INDIVIDUALLY AND AS
NEXT FRIEND OF HONG YA ZHONG AND DAONAN HE, MINOR
CHILDREN, Appellants


V.


SUNBLOSSOM GARDENS, L.L.C. D/B/A SUNBLOSSOM GARDENS,
Appellee






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2007-22936






MEMORANDUM OPINION


 Appellants, Xiao Yu Zhong and Ying Chun Ma, Individually and as Next
Friend[s] of Hong Ya Zhong and Daonan He, Minor Children, challenge a no-evidence summary judgment rendered in favor of appellee, Sunblossom Gardens,
L.L.C. d/b/a Sunblossom Gardens (Sunblossom). Appellants' claims derive from an
assault on Xiao Yu Zhong on apartment-complex premises owned by Sunblossom,
where appellants were residents. In five issues, appellants contend that the trial court
erred by rendering a no-evidence summary judgment dismissing the claims of each
appellant, by overruling their objections to the sufficiency of Sunblossom's no-evidence motion, and by sustaining Sunblossom's objections to some of appellants'
summary-judgment proof. Appellants further contend that they raised a genuine issue
of material fact on each challenged element of their claims and that the trial court
erred by denying their motion for reconsideration. We affirm. 

Background


 Appellants, a husband and wife and their two children, became residents of the
Sunblossom apartment complex in November 2003. On March 13, 2007, Xiao Yu
Zhong was stabbed and robbed at night after parking his car in the complex parking
lot. He sued Sunblossom for damages, claiming that defects on the premises that
were known to Sunblossom but not to Xiao Yu Zhong proximately caused his
injuries. Xiao Yu Zhong filed an amended petition in which he added his family
members as additional plaintiffs for his underlying claim. 

 After the parties completed formal discovery, and the deadline to designate
experts had passed, Sunblossom filed a no-evidence motion for summary judgment
seeking a take-nothing judgment on appellants' claims. See Tex. R. Civ. P. 166a(i). 
Sunblossom maintained it was entitled to prevail as a matter of law because
appellants had no evidence of one or more essential elements of their premises-liability claim. 

 In response, appellants listed each element of their premises-liability claim and
argued that their supporting proof satisfied their burden to raise a fact issue on each
element. Their summary-judgment evidence consisted of the affidavits of Xiao Yu
Zhong and his wife, Ying Chun Ma. Their affidavits stated, in part, that Xiao Yu
Zhong was stabbed five times and robbed on the Sunblossom premises and expressed
their reliance on Sunblossom's representations regarding security at the apartment
complex and concerns regarding safety and criminal activity at the complex. 
Appellants attached to their response a voluminous computer printout of 911
emergency summonses to the complex, which Xiao Yu Zhong and Ying Chun Ma
described in their affidavits as copies of public records. Appellants' response also
asserted objections and exceptions to Sunblossom's summary-judgment motion.

 In reply, Sunblossom objected to the admissibility of the 911 records and to the
affidavits provided by Xiao Yu Zhong and by Ying Chun Ma. Sunblossom also
reiterated that adequate time for discovery has passed, reasserted its summary-judgment contentions, and provided excerpts from the deposition testimony of Xiao
Yu Zhong in further support of Sunblossom's no-evidence contentions. 

 The record on appeal contains the reporter's record of the hearing at which the
trial court considered Sunblossom's motion, appellants' response, and the parties'
objections. At that hearing, the trial court rendered a take-nothing judgment in favor
of Sunblossom after overruling appellants' objections to Sunblossom's motion,
sustaining Sunblossom's objections to the 911 printouts offered by appellants, but
overruling Sunblossom's objections to the affidavits of Xiao Yu Zhong and of Ying
Chun Ma. The record on appeal also contains the reporter's record of the hearing on
appellants' motion for reconsideration, during which the trial court denied appellants'
request to provide authenticated copies of the 911 records on which they had
previously relied. 

Standard of Review


 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment
must be granted if, after adequate time for discovery has passed, the moving party
asserts that there is no evidence of one or more specified elements of a claim or
defense on which the adverse party would have the burden of proof at trial and the
respondent produces no summary judgment evidence raising a genuine issue of
material fact on those elements. Tex. R. Civ. P. 166(a)(i); LMB, Ltd. v. Moreno, 201
S.W.3d 686, 688 (Tex. 2006). 

 A party who files a no-evidence summary judgment motion pursuant to rule
166a(i) has essentially moved for pretrial directed verdict. Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 581 (Tex. 2006). When the movant files its motion in
proper form, the burden shifts to the nonmovant to defeat the motion by presenting
evidence that raises an issue of material fact regarding the elements challenged by the
motion. Id. at 582. We review the evidence presented by the summary judgment
record in the light most favorable to the party against whom the summary judgment
was rendered, crediting evidence favorable to that party if reasonable jurors could,
and disregarding contrary evidence unless reasonable jurors could not. Id. (citing
City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)). The evidence produced
must amount to more than a scintilla in order to raise a genuine issue of material fact.
Madison v. Williamson, 241 S.W.3d 145, 151 (Tex. App.--Houston [1st Dist.] 2007,
pet. denied). Evidence amounts to more than a scintilla if the evidence enables
reasonable and fair-minded people to differ in the conclusions to be drawn from that
evidence. See id. at 151-52. Evidence fails the scintilla test if it gives rise to only
surmise or suspicion about the fact to be proven. See id. at 152.

 When, as here, a summary judgment does not specify the grounds on which it
was granted, the appealing party must demonstrate on appeal that none of the
proposed grounds is sufficient to support the judgment. Rogers v. Ricane Enter., 772
S.W.2d 76, 79 (Tex. 1989); Tilotta v. Goodall, 752 S.W.2d 160, 161 (Tex.
App.--Houston [1st Dist.] 1988, writ denied). Conversely, we will affirm the
judgment if any one of the theories advanced in the motion is meritorious. Joe v. Two
Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004). 

Preliminary Discussion--Nature of the Case


 Appellants' contentions on appeal incorporate contentions that they alleged
both negligence and premises-liability theories of liability against Sunblossom. 
Sunblossom disagrees and contends that appellants' pleadings allege only premises
liability. Because Sunblossom filed no special exceptions to the pleadings, we
construe them liberally in favor of appellants, see Attorney General of Texas v.
Lavan, 833 S.W.2d 952, 954 (Tex. 1992), to discern every fact "that can reasonably
be inferred" from the facts specifically alleged. See Roark v. Allen, 633 S.W.2d 804,
809 (Tex. 1982). 

 Though similar to and grounded in simple negligence, a premises-liability
action requires more specific proof and is based on allegations that a real-property
premises is unsafe. See Clayton Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 529
(Tex. 1997) (holding that premises-liability case requires specific instructions beyond
simple negligence); see also Timberwalk Apartments, Partners, Inc. v. Cain, 972
S.W.2d 749, 753 (Tex. 1998) (describing negligence as "simply doing or failing to
do what a person of ordinary prudence in the same or similar circumstances would
have not done or done" and premises liability as "failure to use ordinary care to
reduce or eliminate an unreasonable risk of harm created by a premises condition
which the owner or occupier [of land] knows about or in the exercise of ordinary care
should know about"). A complaint that a landowner failed to provide adequate
security against criminal conduct is ordinarily a premises-liability claim. Timberwalk,
972 S.W.2d at 753. To hold the landowner liable under an exception to the rule that
persons generally have no duty to protect another from criminal acts by a third party,
the claimant must be an invitee and the landowner must have retained control over
security and safety of the premises. See id. at 756; Mellon Mortg. Co. v. Holder, 5
S.W.3d 654, 655 (Tex. 1999); Lefmark Mgmt. Co. v. Old, 946 S.W.2d 52, 53 (Tex.
1997). 

 It is undisputed that appellants are tenants at the apartment complex owned by
Sunblossom and are thus Sunblossom's invitees. See Dickinson Arms-REO, L.P. v.
Campbell, 4 S.W.3d 333, 336 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). 
Appellants' live pleadings allege the following: that Xiao Yu Zhong sustained
"massive injuries" when he was robbed and assaulted after he had parked his car on
the premises and was walking to his apartment; that Sunblossom had "such control
over the premises" that Sunblossom owed certain duties to appellants; that
Sunblossom had actual knowledge of the dangerous condition of the premises, which
Xiao Yu Zhong did not; and that Sunblossom failed to protect Xiao Yu Zhong from
the danger, both by adequately warning and by making the premises reasonably safe,
which failure proximately caused his injuries. Appellants further alleged specific acts
and omissions by Sunblossom that included lack of adequate lighting, lack of proper
maintenance and inspection, failure to take corrective action after a similar event,
failure to warn of lack of safety, and failure to provide adequate security to protect
tenants. 

 Having reviewed appellants' pleadings in the requisite liberal light, see Lavan,
833 S.W.2d at 954, we hold that appellants claimed a status as Sunblossom's invitees
that tracked the elements required to invoke a premises-liability claim against
Sunblossom; the allegations far exceed simple negligence and differ from those
required to trigger a negligent-activity claim. See Timberwalk, 972 S.W.2d at 753
(stating that claimant did not allege she was injured "by or as a contemporaneous
result of any activity of defendants" so as to state negligent-activity claim). 
Accordingly, Sunblossom properly relied on appellants' pleadings as having invoked
a premises-liability claim that imposed on appellants the more rigorous proof required
by a premises-liability cause of action. See id.

Analysis


A. Challenges to Sunblossom's Rule 166a(i) Motion

 In their first and second issues, appellants argue that summary judgment was
improper because Sunblossom's motion did not comply with rule 166a(i). See Tex.
R. Civ. P. 166a(i). 

 1. Claimants Properly Identified

 In their first issue, appellants reassert their contention that rule 166a(i) required
Sunblossom to identify each individual claimant and to challenge the elements
required for recovery by each individual claimant. The trial court expressly overruled
appellants' objection, both orally and in writing, during the hearing on Sunblossom's
motion for summary judgment. See Tex. R. App. P. 33.1(a)(2)(A) (governing
preservation of appellate complaints).

 Rule 166a(i) permits a party to "move for summary judgment on the ground
that there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial." Tex. R. Civ. P.
166a(i). "The motion must state the elements as to which there is no evidence." Id. 
Nothing in rule 166a(i) required Sunblossom to list the individual claimants seeking
recovery on the premises-liability theory of recovery. See id. Furthermore, it is
undisputed, given appellants' concession in the trial court, that all recovery is
premised on recovery by Xiao Yu Zhong. Because the claims of all remaining
appellants derive from the premises-liability claim of Xiao Yu Zhong, no evidence
of the elements of his claim constitutes no evidence of their claims as a matter of law. 
See Utts v. Short, 81 S.W.3d 822, 831 (Tex. 2002) (holding that family members
constitute single claimant for purposes of settlement-credit statute).

 We hold, therefore, that the trial court correctly overruled appellants' similarly
phrased objection in the trial court, and we overrule their first issue. 


 2. Claims

 In their second issue, appellants contend that Sunblossom's rule 166a(i) motion
was conclusory, on the grounds that Sunblossom's summary-judgment contentions
did not address appellants' claim for negligence or negligent activity. Through this
issue, appellants essentially challenge this Court's jurisdiction to consider this appeal,
given that failure to dispose of a properly pleaded cause of action would render the
summary judgment interlocutory and nonappealable. See generally Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001) (holding that judgment was not final
because it did not dispose of claims of a defendant). As explained above, however,
appellants grounded their claims to recover damages from Sunblossom on principles
of premises liability and tracked the requisite elements in their pleadings. 
Sunblossom relied on those pleadings in moving for no-evidence summary judgment
by contending that appellants could not provide any evidence of the following: (1)
that Sunblossom had actual or constructive knowledge of a condition on the
Sunblossom premises; (2) that the condition posed an unreasonable risk of harm; (3)
that Sunblossom did not exercise reasonable care to eliminate that risk, and (4) that
Sunblossom's failure to exercise reasonable care proximately caused the injuries to
Xiao Yu Zhong. See, e.g., Timberwalk, 972 S.W.2d at 753 (stating elements of
premises-liability claim). Sunblossom's motion complied with rule 1661(i) by
specifying the elements of appellants' premises-liability claim and by stating that
appellants had no evidence to support any of the requisite elements. 

 We overrule issue two.

B. Challenge to Excluded 911 Records

 In their fourth issue, appellants contend that the trial court erred by sustaining
Sunblossom's objections to the 911 records that appellants produced in response to
Sunblossom's motion for no-evidence summary judgment. (1) 

 Documents submitted as summary-judgment proof must be sworn or certified. 
Tex. R. Civ. P. 166a(f). Appellants contend that the 911 records are competent
summary judgment proof under Republic Nat'l Leasing Corp. v. Schindler, 717
S.W.2d 606, 607 (Tex. 1986) and Tex. R. Evid. 902 (regarding self-authentication). 
Relying on Republic Nat'l Leasing, this Court has recognized that copies of original
private documents like promissory notes, leases, and contracts may constitute
competent summary judgment evidence if accompanied by a properly sworn affidavit
stating that the attached documents are "true and correct" copies of the originals. St.
Paul Cos. v. Chevron U.S.A., Inc., 798 S.W.2d 4, 6 (Tex. App.--Houston [1st Dist.]
1990, writ dism'd by agreement) (citing Republic Nat'l Leasing Corp., 717 S.W.2d
at 607). Neither Xiao Yu Zhong nor Ying Chun Ma stated in their affidavits that the
911 records they obtained were true and correct copies of original documents. 

 Furthermore, the Rules of Evidence and summary-judgment practice treat
public records differently from private records. See Tex. R. Evid. 902(4). And
though Rules 1003 and 1004(d) recognize that a "duplicate" of the original is
admissible to the same extent as the original when the original of a document is not
available, rule 1003 does not apply when as here, its authenticity is questioned. See
Tex. R. Evid. 1003(1). 

 Appellant also invokes the principle that a copy of a public record is considered
authentic if a sponsoring witness vouches for its authenticity or if the document meets
the certification requirements for self-authentication contained in Rule 902. See
ESIS, Inc., v. Johnson, 908 S.W.2d 554, 561 (Tex. App.--Fort Worth 1995, writ
denied) (citing Tex. R. Evid. 1005 and Castro v. Sebesta, 808 S.W.2d 189, 195 (Tex.
App.--Houston [1st Dist.] 1991, no writ) (op. on reh'g)). As we have stated, no
sponsoring witness vouched for the authenticity of the 911 records on which
appellants relied here. 

 Likewise, appellants offered nothing in support of the 911 records to satisfy the
requirements for self-authentication established by rule 902, which governs "Self-Authentication" and provides,

 A copy of an official record or report or entry therein, or of a document
authorized by law to be recorded or filed and actually recorded or filed
in a public office, including data compilations in any form certified as
correct by the custodian or other person authorized to make the
certification, by certificate complying with . . . this rule or complying
with any statute or other rule prescribed pursuant to statutory authority.


Tex. R. Evid. 902(4) (Certified Copies of Public Records). Without the required
certification by a records custodian or other person authorized to certify them, the 
911 records had no probative value and were incompetent summary-judgment
evidence properly excluded as hearsay. See Castro, 808 S.W.2d 189, 195-96; see
also Carr v. Hertz Corp., 737 S.W.2d 12, 14 (Tex. App.--Corpus Christi 1987, no
writ) (holding that unsworn, unverified driving record attached to summary-judgment
response had no probative value in negligent entrustment action); Diaz v. Southwest
Wheel, Inc., 736 S.W.2d 770, 773-74 (Tex. App.--Corpus Christi 1987, writ denied)
(holding that unauthenticated letter and unauthenticated excerpt of testimony from
out-of-state trial was not proper summary-judgment evidence).

 As the reporter's record of the hearing on Sunblossom's motion reflects, the
trial court sustained Sunblossom's objections to the 911 reports because there was
"no affidavit from any person associated with the police department indicating that
this is an accurate or complete copy of what it purports to be." We agree. Because
appellants did not authenticate the 911 reports and did not establish that they were
self-authenticating, the trial court properly excluded the reports as incompetent
summary-judgment evidence. 

 We overrule appellants' fourth issue.

D. Did Appellants Produce a Fact Issue to Defeat Summary Judgment? 

 In their third issue, appellants contend that their summary judgment evidence
was sufficient to defeat Sunblossom's motion. Having overruled appellants' fourth
issue above, we consider only appellants' remaining proof, specifically the affidavits
of Xiao Yu Zhong and Ying Chun Ma, in addressing this issue. 

 The grounds on which Sunblossom claimed there was no evidence to support
appellants' claims included the contention that Sunblossom had no knowledge that
Xiao Yu Zhong would be criminally assaulted on the apartment-complex premises. 
The duty owed by the defendant to the plaintiff is a preliminary consideration in a
premises-liability case. See Barton v. Whataburger, Inc., 276 S.W.3d 456, 462 (Tex.
App.--Houston 2008, no pet. h.). The court determines as a matter of law whether
the defendant owes a duty, Trammell Crow Cent. Texas, Ltd. v. Gutierrez, 267
S.W.3d 9, 12 (Tex. 2008), and the "parameters" of that duty; Timberwalk, 972 S.W.2d
at 756. As a general rule, no person has a legal duty to protect another person from
criminal acts by a third party. Id.; Butcher v. Scott, 906 S.W.2d 14, 15 (Tex. 1995).

 To hold a landlord like Sunblossom liable under an exception to the no-duty
rule, the claimant must be an invitee, and the landowner must have retained control
over security and safety of the premises, as addressed above. See Mellon, 5 S.W.3d
at 655; Timberwalk, 972 S.W.2d at 756. Property owners may owe a duty to those
invitees who may be harmed by criminal acts of third parties if the risk of criminal
conduct is so great that it is both unreasonable and foreseeable. Mellon, 5 S.W.3d at
655; Timberwalk, 972 S.W.2d at 756; see also Lefmark Mgmt. Co., 946 S.W.2d at 53
("One who controls the premises does have a duty to use ordinary care to protect
invitees from criminal acts of third parties if he knows or has reason to know of an
unreasonable and foreseeable risk of harm to the invitee."). 

 Foreseeability of an unreasonable risk of criminal conduct is the starting point 
in determining the extent of any duty owed to prevent criminal acts. Timberwalk, 972
S.W.2d at 756. In considering whether a particular criminal act was so foreseeable
and unreasonable as to impose a duty upon a landlord to a tenant-invitee like Xiao Yu
Zhong, we first examine the particular criminal conduct that occurred in light of
"specific previous crimes on or near the premises." See Mellon Mortgage, 5 S.W.3d
at 656; Timberwalk, 972 S.W.2d at 756 (both quoting Walker v. Harris, 924 S.W.2d
375, 377 (Tex. 1996)). Timberwalk describes how we conduct this examination:

 In determining whether the occurrence of certain criminal conduct on a
landowner's property should have been foreseen, courts should consider
whether any criminal conduct previously occurred on or near the
property, how recently it occurred, how often it occurred, how similar
the conduct was to the conduct on the property, and what publicity was
given the occurrences to indicate that the landowner knew or should
have known about them.


Timberwalk, 972 S.W.2d at 757. If we determine that the general danger of the
criminal act was foreseeable, after applying these factors, we proceed to the second
step of the foreseeability analysis and determine whether it was reasonably
foreseeable--before Xiao Yu Zhong was injured and not by hindsight--that he or any
other similarly situated person would be the victim of the criminal act on which he
bases his claims. See id. Conversely, if danger to the claimant is not shown to be
foreseeable, the law considers the criminal conduct of the third party a superseding
cause of the injury. See Phan Son Van v. Pena, 990 S.W.2d 751, 753 (Tex. 1999);
Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 550 (Tex. 1985); Barton, 276
S.W.3d at 462. 

 The affidavits of Xiao Yu Zhong and Ying Chun Ma in this case fail to give
rise to the requisite issue of material fact that Sunblossom should have foreseen that
Xiao Yu Zhong would be robbed and stabbed on the Sunblossom premises. Both
affiants stated their concerns about security in the apartment, referred to statements
by Sunblossom's managers that the complex provided "24-hour security" and had an
access-code gated entry, and expressed reliance on those statements. In addition,
both affiants stated that security officers did not patrol the premises, that the access-code gate remained open for long periods of time and was not working on the night 
Xiao Yu Zhong was attacked, that lights were frequently out on the premises and
were not working on the night Xiao Yu Zhong was injured, and that the complex
lacked a "security camera or any other device that could help prevent any criminal
activity from happening." 

 Xiao Yu Zhong and Ying Chun Ma also stated in their affidavits that they
observed police cars driving through the complex and that, on investigating, Xiao Yu
Zhong learned that the police were responding to reports of criminal activity. To
support that statement, however, affiants referred to the 911 reports that the trial court
properly excluded, as addressed above. In addition, both affiants stated that a visitor
to their apartment had been robbed in the complex and a neighbor burglarized within
the year before Xiao Yu Zhong was robbed and stabbed and that both incidents had
been reported before his incident. Both affiants concluded by offering their opinion
that Xiao Yu Zhong would not have been stabbed five times and robbed "if
[Sunblossom] had done what [it] represented or taken measures to deter crime" in the
complex. 

 In assessing the affidavits, we must consider together the Timberwalk factors,
specifically proximity, frequency, similarity, and publicity, in determining
foreseeability of the crime that occurred. Id. at 759. As the supreme court explained
in Timberwalk, the frequency-of-crimes factor lessens, for example, when the
similarity factor increases. Id. Likewise, frequent property crimes in the vicinity "is
not as indicative of foreseeability" as less frequent violent crimes that take place on
the landord's property. Id. In this case, as in Timberwalk, violent crime is the
criminal activity that serves as the basis of appellants' complaint. See id. at 759. In
Timberwalk, the evidence showed but a single sexual assault within a one-mile radius
of the premises and no violent crimes on the premises. Id. Despite evidence of other
property crimes in the complex and in neighboring complexes, the risk that the
claimant would be sexually assaulted on the apartment premises was not a foreseeable
risk that imposed a duty on the property owner. Id. 

 The same reasoning applies here. Nothing in the affidavit of either Xiao Yu
Zhong or Ying Chun Ma refers to any crime involving violence against a person,
either on the premises or in the vicinity. Similarly, the two crimes described in the
affidavits are analagous to the tire-slashing and car burglary and car theft crimes
described in Timberwalk. See id. In addition, both affiants stated their opinion that
Sunblossom's having "done what [it] represented or taken measures to deter crime"
would have prevented the violent attack on Xiao Yu Zhong." Expert testimony may
bear on foreseeability of criminal conduct. E.g., Mellon, 5 S.W.3d at 664 (Baker, J.,
concurring). But, neither Xiao Yu Zhong nor Ying Chun Ma established the
necessary expertise to qualify as expert witnesses. See Tex. R. Evid. 702 (stating
qualifications of experts). As statements of opinion by lay, interested witnesses, their
opinions were neither readily controvertible, as required by rule 166a(c) nor
competent, as required by rule 166a(f). Having failed to establish that the injury to
Xiao Yu Zhong was foreseeable, appellants did not establish the first element of the
duty analysis contemplated by Timberwalk. See Timberwalk, 972 S.W.2d at 756.

 When the claimant's injury is not sufficiently foreseeable to establish a duty
in the premises owner, the owner necessarily lacks the requisite knowledge of the
likelihood that the claimant would be injured. Sunblossom moved for no-evidence
summary judgment in part on that basis, and appellants did not meet their burden to
present competent evidence of any issue of material fact to establish knowledge. 
Because appellants did not meet their summary-judgment on the knowledge element,
we need not address whether their proof raised a fact issue on the remaining elements
of their claim. See Joe, 145 S.W.3d at 157. We hold that Sunblossom established its
right to prevail as a matter of law on appellants' claims, and the trial court properly
rendered summary judgment in Sunblossom's favor pursuant to rule 166a(i). 

 We overrule appellant's third issue.

E. Whether Trial Court Abused its Discretion by Denying Reconsideration

 In their fifth issue, appellants contend that the trial court erred by denying their
motion for reconsideration, by which they sought to supplement their summary
judgment proof, after the trial court had rendered the final summary judgment, by
providing authenticated copies of the 911 records originally attached to their
response. The motion was overruled by operation of law. We review rulings denying
a motion for reconsideration for abuse of discretion. See In re R.R., 209 S.W.3d 112,
114 (Tex. 2006); Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). A trial court
abuses its discretion when it acts in an arbitrary and unreasonable manner or when it
acts without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 Appellants have not demonstrated that the trial court abused its discretion. It
is undisputed that the deadline to designate experts had passed, and appellants had
never disputed that adequate time for discovery had also passed. See Tex. R. Civ. P.
166a(i). Likewise, though rule 166a(c) permits parties to supplement their summary-judgment proof after the hearing on the motion, they must do so "before judgment
with permission of the court." Tex. R. Civ. P. 166a(c). 

 We overrule appellant's fifth issue. 
Conclusion


 We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.
1. The trial court recited its express ruling sustaining Sunblossom's objection at the
hearing on the motion for summary judgment, when the court also stated on the record
its reasons for that ruling. See Tex. R. App. P. 33.1(a)(2)(A); Aguilar v. LVDVD, L.C.,
70 S.W.3d 915, 917-18 (Tex. App.--El Paso 2002, no pet.) (citing Columbia Rio
Grande Reg. Hosp. v. Stover, 17 S.W.3d 387, 395-96 (Tex. App.--Corpus Christi
2000, no pet.)).