## DEALERS ELECTRICAL SUPPLY, Appellant,

v.

## Ray Alexander PIERCE, Appellee.

### No. 10–91–161–CV.

Court of Appeals of Texas, Waco.

Jan. 29, 1992.

Rehearing Denied Feb. 19, 1992.

John B. McNamara, McNamara & McNamara, Waco, for appellant.

Gerald L. Bolfing, Fulbright, Winniford, Bice & Marable, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## MEMORANDUM OPINION

VANCE, Justice.

A van owned by Dealers Electrical Supply was hit in the side by a pickup driven by Ray Pierce. Dealers brought suit for damages to the van. After a jury trial, the court entered a take-nothing judgment. Dealers urges us to find that Pierce was negligent as a matter of law, reverse the judgment, and remand the case for a new trial.

Without objection, the court submitted the liability question in broad form. *See* TEX.R.CIV.P. 277. The question was asked and answered:

> Did the negligence, if any, of the persons named below proximately cause the occurrence in question?
>
> ANSWER: "Yes" or "No" for each of the following:
>
> a. Ray Alexander Pierce    <u>No</u>
>
> b. Anthony E. Newburg    <u>Yes</u>

The broad-form submission, mandated by Rule 277, makes it impossible for a reviewing court to ascertain whether the jury felt that Pierce was not negligent, that his negligence was not a cause of the collision or that Dealers failed to meet its burden of proof. *See* TEX.R.CIV.P. 277.

The jury's negative answer represents a refusal to find from a preponderance of the evidence that Pierce's negligence proximately caused the collision. *See Sterner v.*

*Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). Since Dealers is attacking an adverse answer on an issue on which it had the burden of proof, we will treat the point as if it asserts that negligence was established as a matter of law. *See id.*

First, we must examine the record for evidence which supports the jury's negative answer to the question, while ignoring all evidence to the contrary. *See id.* If we find evidence that supports the negative answer, the inquiry ends; but if we find no evidence to support the answer, then the entire record must be examined to determine if the contrary proposition is established as a matter of law. *See id.*

The record reveals that a witness, Robert Runyan, saw Dealers' vehicle turn in front of Pierce's pickup. Runyan testified that the pickup never left its own traffic lane. The officer who investigated the accident testified that in his opinion the collision occurred in Pierce's lane. Pierce testified that he never left the paved portion of the roadway, that he could see the roadway, and that he veered to the left when he saw the van in an attempt to avoid the collision. We believe that this evidence supports the proposition that the jury's negative answer could have been based on its conclusion that Pierce was not negligent. *See id.*

Dealers urges that, because Pierce testified that the sun was in his eyes and he continued to drive, negligence was established as a matter of law. We have examined the cases which Dealers cites and do not find them controlling. The question of negligence becomes a question of law only where the evidence is without material dispute and only one reasonable inference can be drawn from it. *Texas & N.O.R. Co. v. Burden,* 146 Tex. 109, 203 S.W.2d 522, 528 (1947).

Assuming that Pierce was negligent as a matter of law, Dealers cannot avoid the possibility that the jury's negative answer could have been based on its conclusion that his negligence was not a proximate cause of the collision. The question of causation is one for the trier of fact when general experience and common sense enables a layman to determine the causal relationship between events and conditions. *Travenol Labs., Inc. v. Bandy Labs., Inc.,* 608 S.W.2d 308, 312 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). We believe that the rule applies here; thus the question of causation was for the jury. *See id.*

We overrule Dealers' point of error and affirm the judgment.