Shirley Abbott McRAE, Appellant,

v.

Roderick Neal ECHOLS, Appellee.

No. 10–98–311–CV.

Court of Appeals of Texas, Waco.

Jan. 12, 2000.

---

Ross Crossland, Law Office of Ross Crossland, Austin, for appellant.

Amy Grubbs Thomas, Law Office of Amy Thomas, Mexia, Bobby Reed, Reed & Reed, Groesbeck, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

BILL VANCE, Justice.

This is an appeal from a judgment rendered against Shirley McRae for damages sustained by Roderick Echols in an automobile-forklift collision. McRae asserts in three issues that: (1) the court erred in admitting a peace officer's accident report as an "Official Document"; (2) the evidence does not support the jury's failure to find that Echols' negligence was a proximate cause of the accident; and (3) the jury was selected in violation of Rule of Civil Procedure 232. We will affirm the judgment.

## FACTS

On March 14, 1996, Echols, in the course of his employment, drove a forklift approximately one block southbound on Highway 39 in Limestone County. McRae was traveling the same direction on Highway 39 and, while Echols was turning left, attempted to pass him. They collided predominantly on the shoulder of the northbound lane. Echols sued McRae for injuries he sustained. Evidence at trial revealed that Echols did not signal that he was turning left, did not display warnings that the forklift is a "slow-moving vehicle," and did not have working brake lights on the forklift. Evidence also showed that McRae received a citation for failing to pass safely. At the conclusion of trial, the jury found McRae's negligence to be the proximate cause of the occurrence, and failed to find that Echols' negligence, if any, was the proximate cause. The jury further found Echols' damages to be $39,800. Judgment was entered for this amount, plus interest. From this judgment, McRae appeals.

## THE VENIRE

McRae's third issue attacks the court's failure to properly empanel the jury under the Rules of Civil Procedure. *See* TEX.R. CIV. P. 224, 231–32. Rule 224, regarding the preparation of a jury list, states that the clerk "shall draw from the box, in the presence of the court, the names of twenty-four jurors...." *Id.* 224. Rule 231 provides:

> If the challenges [for cause] reduce the number of jurors to less than twenty-four, if in the district court, or to less than twelve, if in the county court, the court shall order other jurors to be drawn from the wheel or from the central jury panel or summoned, as the practice may be in the particular county, and their names written upon the list instead of those set aside for cause. Such jurors so summoned may likewise be challenged for cause.

*Id.* 231. Rule 232 states:

> If there remain on such lists not subject to challenge for cause, twenty-four names, if in the district court, or twelve names, if in the county court, the parties shall proceed to make their peremptory challenges. A peremptory challenge is made to a juror without assigning any reason therefor.

*Id.* 232. Although not specifically stated in the record, it is apparent that voir dire began with only twenty-three jurors and that McRae alerted the court to this deficiency at the beginning of voir dire. The

court invited McRae to make her objection to the panel after Echols had completed his voir dire examination and before McRae began hers. She lodged an objection to proceeding with voir dire in violation of Rules 231 and 232 and asked the court to declare a mistrial. That objection was overruled. Because the rules contemplate a panel of at least twenty-four jurors in a district court when the time comes to exercise peremptory challenges, the court erred in not summoning at least one other juror.[1]

■ McRae asserts that a violation of these rules mandates automatic reversal. We disagree.[2] Rule of Appellate Procedure 44.1 states that "[n]o judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." Tex.R.App. P. 44.1(a).

At the conclusion of voir dire, no challenges for cause were made. Each party was given six peremptory strikes. It is unclear from the record whether the parties each used a peremptory strike on the same juror, or if one party chose not to use all six strikes. Regardless, after the strikes were exercised, the court empaneled a twelve-member jury, to which McRae lodged no objection. Nothing in the record thereafter leads us to conclude that the error in not summoning an additional juror caused rendition of an improper judgment or prevented McRae from properly presenting her case on appeal. *Id.* Issue three is overruled.

## ACCIDENT REPORT

■ McRae's first issue asserts that the court erred in admitting a certified copy of an accident report prepared by a peace officer shortly after the accident occurred. DPS Officer Thomas Peoples was not called to testify at trial. Rather, his written report was offered into evidence "as an official record" without a supporting witness. McRae objected that the report was hearsay and contained expert opinions not properly predicated.[3]

■ Accident reports are admissible under Rule 803(8) as exceptions to the hearsay rule. Tex.R. Evid. 803(8); *Sciarrilla v. Osborne,* 946 S.W.2d 919, 923–24 (Tex. App.—Beaumont 1997, pet. denied); *Carter v. Steere Tank Lines,. Inc.,* 835 S.W.2d 176, 181 (Tex.App.—Amarillo 1992, writ denied) (citing *Clement v. Texas Dept. of Public Safety,* 726 S.W.2d 579, 581 (Tex. App.—Fort Worth 1986, no writ); *Porter v. Texas Dept. of Public Safety,* 712 S.W.2d 263, 265 (Tex.App.—San Antonio 1986, no writ)). Rule 803(8) provides for the admissibility of records, reports, state-

1. The problem began when the court started the selection process with only twenty-three jurors. McRae's complaint on appeal, however, is about the number immediately prior to the peremptory challenges.

2. We liken this to similar challenges made in criminal cases. *Cooks v. State,* 844 S.W.2d 697, 727 (Tex.Crim.App.1992) (An appellant must show harm to obtain reversal based on the trial court's failure to comply with statutory requirements for selection of a jury panel.); *Hathorn v. State,* 848 S.W.2d 101, 110 (Tex. Crim.App.1992) (An appellant must show harm when the trial court erroneously denies him a challenge for cause.); *May v. State,* 738 S.W.2d 261, 268 (Tex.Crim.App.1987) (An appellant must show harm when the trial court closes the jury wheel prematurely.).

3. We interpret McRae's objection that the opinion was not properly predicated to be an objection under Rule of Evidence 702. Tex.R. Evid. 702. The United States Supreme Court noted that Rules 702–05 govern admissibility "where the opinion testimony is subject to cross-examination." *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 169, 109 S.Ct. 439, 449, 102 L.Ed.2d 445 (1988). The Court pointed out that "the determination that cross-examination was not indispensable in regard to official investigatory reports has already been made, ... and imposing a rigid distinction between fact and opinion would run against the Rules' tendency to deemphasize that dichotomy." *Id.* at 169–70, n. 12, 109 S.Ct. at 450, n. 12.

ments, or data compilations, in any form, of public offices or agencies setting forth:

    (A) the activities of the office or agency;

    (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding in criminal cases matters observed by police officers and other law enforcement personnel; or

    (C) in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law;

unless the sources of information or other circumstances indicate lack of trustworthiness.

TEX.R. EVID. 803(8). There is no evidence to show a lack of trustworthiness. Thus, the court did not err in admitting the report on this basis. However, having determined the accident report is admissible as an exception to the hearsay rule, we still must determine if the accident report contained expert opinions which should have been excluded.

The report contains a section, "INVESTIGATOR'S NARRATIVE OPINION OF WHAT HAPPENED," in which Peoples wrote:

> Unit #1 and Unit #2 were traveling south on FR 39. Unit #1 [proceeded] to turn left into a private drive as Unit #2 struck Unit #1 causing the above mentioned damage. Unit #2 also struck a guard rail.

The report further contains a section entitled "FACTORS AND CONDITIONS LISTED ARE THE INVESTIGATOR'S OPINION." Peoples chose item 26, "FAILED TO PASS TO LEFT SAFELY" as a "Unit #2" factor contributing to the accident. The report also has a hand-drawn sketch showing how the collision occurred. Thus, the report does contain the officer's opinions regarding causation.

4. This theory of admissibility has also been accepted in criminal cases. *See Perry v. State,*

Rule 803(8) is substantively identical to Federal Rule 803(8). *Compare* TEX.R. EVID. 803(8) *with* FED.R.EVID. 803(8). The United States Supreme Court in *Beech Aircraft Corp. v. Rainey,* considered whether the term "factual findings" in Federal Rule 803(8) encompasses "opinions" or "conclusions." *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 162, 109 S.Ct. 439, 446, 102 L.Ed.2d 445 (1988). The Court interpreted the Rule broadly, noting that it does not state that "factual findings" are admissible, but rather that *"reports* . . . setting forth . . . factual findings" are admissible. *Id.* at 165, 109 S.Ct. at 447. The Court went on to hold that "portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." *Id.* at 170, 109 S.Ct. at 450.[4]

We see no reason to distinguish our Rule 803(8) from Federal Rule 803(8). The officer's conclusions and opinions stated within the report are based on his factual investigation of the accident. As stated earlier, no challenge was made to the trustworthiness of the report. Thus, issue one is overruled.

## SUFFICIENCY POINTS

■ McRae's second issue challenges the "legal and factual sufficiency" of the jury's failure to find that Echols was negligent. She asserts that Echols' admissions that:

    a. the forklift was an unsafe vehicle;

    b. there were no tail lights on the forklift;

    c. there were no brake lights on the forklift;

    d. there were no turn signals on the forklift;

957 S.W.2d 894, 898 (Tex.App.—Texarkana 1997, pet. ref'd).

e. he was instructed not to give a hand signal while using the forklift;

f. there were no warning signs on the forklift; and

g. there were no escort vehicles accompanying the forklift

establish his negligence as a "matter of law." Alternatively, she asserts that the failure to find negligence was contrary to the great weight and preponderance of the evidence. The jury was asked and responded:

> Did the negligence, if any, of the persons named below proximately cause the occurrence in question:
>
> Answer "Yes" or "No" for each of the following:
>
> A. Shirley McRae <u>Yes</u>
>
> B. Roderick Echols <u>No</u>

The jury's negative answer represents a refusal to find from a preponderance of the evidence that Echols' negligence proximately caused the accident. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). The broad-form submission makes it impossible for a reviewing court to ascertain whether the jury felt that Echols was not negligent or that his negligence was not a proximate cause of the accident. *See Dealers Elec. Supply v. Pierce*, 824 S.W.2d 294, 294–95 (Tex. App.—Waco 1992, writ denied).

■ Assuming that Echols was negligent as a matter of law, the jury's negative answer could have been based on its conclusion that his negligence was not a proximate cause of the collision. *Id.* The question of causation is one for the trier of fact when general experience and common sense enables a layman to determine the causal relationship between events and conditions. *Id.* (citing *Travenol Labs., Inc. v. Bandy Labs., Inc.*, 608 S.W.2d 308, 312

(Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.)). Thus, the question of causation was for the jury. *See id.* Issue two is overruled.

Having overruled all issues presented, we affirm the judgment.

Justice GRAY, dissenting.

TOM GRAY, dissenting.

Why should the written report containing the opinion of a Texas Department of Public Safety officer about the cause of a wreck be allowed into evidence without any showing of the predicate normally required for the admission of an opinion? The majority opinion holds that being included in a public report is enough. If we go down this road *Daubert*[1] and *du Pont*[2] will be substantially eroded because the predicate for the qualifications of an expert witness and the basis of the expert's opinion, are not subject to being tested and need not be proven. On these facts, I would hold that Rule 803(8)[3] does not override the 700 series of the rules of evidence and that a predicate is necessary for the admission of expert opinions contained in public records and reports.

### THE FACTS

The relevant facts are simple. McRae attempted to pass a fork lift traveling in the same direction on a public highway. Before the pass was complete, the fork lift turned left into her path. She hit the forks on the fork lift, jostling the operator. The operator, Echols, sued McRae, alleging her negligence caused him personal injuries.

An officer with the DPS investigated the accident. The officer prepared a written report. The officer's opinion contained in the report was that the cause of the wreck

1. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

2. *E.I. du Pont de Nemours and Co., Inc. v. Robinson*, 923 S.W.2d 549 (Tex.1995).

3. All references herein to Rules, or rules of evidence, refer to the Texas Rules of Evidence unless otherwise specifically noted.

was McRae "failed to pass to left safely." Although designated as an expert witness, the officer was not called to testify. The report was admitted into evidence. Based upon a review of the entire record, the report was crucial to the jury's determination of negligence. It was heavily relied upon by Echols as being prepared by a disinterested person whom the jury should trust. It was referred to numerous times during Echols's opening and closing argument to the jury.

## THE OBJECTION

The report was admitted just before Echols took the stand as the last witness. In a mass offer of documents involving medical records proved up with business records affidavits, photographs of the scene of the accident and other exhibits, the following exchange took place:

> Mrs. Thomas (Echols's attorney): And we offer Plaintiff's Exhibit 5, which is the peace officer's accident report regarding the subject incident.

> * * * * *

> Mr. Crossland (McRae's attorney): And, Your Honor, we do have an objection to Number 5 to the extent that the accident report tends to relate facts; it's hearsay, not subject to cross examina-

tion. And to the extent it purports to contain conclusions, the predicate for those conclusions has not been presented.[4]

> The Court: And that objection is overruled. It's received as an official record.

Having been admitted, Echols proceeded to use it extensively while McRae attempted to mitigate its effect upon the jury.

## THE ISSUES

The issues as presented by McRae in her first issue on appeal are whether the DPS investigative report was improperly admitted into evidence over the objections of (1) hearsay; and (2) lack of predicate for expert opinion testimony. Because of the importance of the second issue, it will be addressed first.

## OPINION TESTIMONY IN PUBLIC RECORDS

Just because a document meets the requirements as an exception to the hearsay rule does not mean that it is not subject to all the other rules of evidence.[5] The majority opinion relies primarily on *Beech*[6], a United States Supreme Court opinion interpreting Federal Rule of Evidence 803(8) from which the Texas Rule 803(8) was adopted in 1983.[7] The majority opinion

---

4. I agree with the majority analysis in footnote number 3 that this second part of the objection is an objection to lack of predicate for the admission of expert opinion testimony under rule 702. TEX.R. EVID. 702.

5. Everyone at the trial tacitly agreed that just because a document is admitted as an exception to the hearsay rule does not mean that the other rules of evidence would not apply to keep some portions of the document out of evidence. The trial court was not going to admit the document if the information about the traffic citation and insurance were not removed. Echols did not question removing the insurance information from the report. Nor did Echols seriously question the removal of the information regarding that a traffic citation had been issued to McRae. Echols wanted to be sure that the officer's opinion about the cause of the accident was in the report and admitted into evidence. It was.

6. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988).

7. The issue before the Supreme Court was limited to a hearsay objection that 803(8) did not authorize the admission of opinions in public reports as an exception to the hearsay rule. From a reading of both of the opinions of the 11th Circuit, the panel opinion, *Rainey v. Beech Aircraft Corp.*, 784 F.2d 1523 (11th Cir.1986) and the en banc opinion, *Rainey v. Beech Aircraft Corp.*, 827 F.2d 1498 (11th Cir.1987), there was no objection based upon the lack of a predicate for the admission of expert opinion. The only objection that was made was that the document contained inadmissible "opinions" rather than "factual findings" which are admissible under Federal Rule of Evidence 803(8). *Beech* was decided solely on the 803(8) issue. In fact the lower court pointed out that objections under rule

holds that if a record or report is determined to meet the requirements of Rule 803(8), the entire record or report, including any opinions contained in it, are admitted into evidence as part of the record or report.

The majority's holding presents tremendous potential for abuse. Without the proponent giving any prior notice, a public record or report that contains expert opinions can be offered and admitted as evidence. There is no requirement that such a report be filed ahead of trial or notice of its intended use be provided to opposing counsel. In many cases, the expectation that the witness will be presented live to prove up the document and be subjected to cross examination is reasonable. But, the admission of the "public report" without a sponsoring witness comes as a complete surprise. *See Desrosiers v. Flight International of Florida, Inc.,* 156 F.3d 952 (9th Cir.1998) (Court excluded reports where the lack of trustworthiness was demonstrated in cross examination of the sponsoring witness.)

Nevertheless, if a litigant finds a public record or report that supports their case, they can lie behind the log and ambush their opponent at a point in the trial when their opponent has insufficient time or opportunity to test the origin and trustworthiness of the record or report and the opinions contained therein. Given the explosion of information and the volume of records and reports public agencies may require to be filed or which they may have prepared for their individualized purposes, it is an unwieldy process to require a litigant to anticipate every such report from any agency across the United States or the world. *See Wolfe v. Wolfe,* 918

S.W.2d 533 (Tex.App.—El Paso 1996, writ denied) (New Zealand judgment admitted. The judgment contained the New Zealand Judge's comments upon and opinion of some of the evidence).

To prevent this type abuse, I would hold that admission of a public record or report is subject to a proper objection raised under the other rules of evidence, specifically including those which allow the opponent to challenge the opinion or underlying facts and data in support of the expert opinion in accordance with *Daubert*[8] and its Texas progeny.[9] Thus, until such time as there are other changes to the rules regarding notice of intent to offer into evidence a public record or report so that the resisting party has the opportunity to test the trustworthiness of the document, upon proper objection to the lack of predicate, I would leave the burden upon the party offering the document to prove the reliability requirements (primarily Rules 702 and 705) for the use of opinion testimony.

As applied to the case before us, we do not know the knowledge, skill, experience, training, or education of the DPS officer. TEX.R. EVID. 702. Additionally, we do not know all the underlying facts or data he is aware of that he contends support his opinion. TEX.R. EVID. 705. With no prior notice, and by not calling the officer to testify, McRae was denied the opportunity to test the officer's opinion as Rule 705(b) allows.

## OPINION v. FACTUAL FINDINGS

In support of this conclusion, I note that the rules draw a distinction between the business records exception for hearsay

---

702 and 705 would be proper to test the reliability of the report. *Rainey v. Beech Aircraft Corp.,* 827 F.2d 1498, 1514 (11th Cir. 1987). Further, the Supreme Court's opinion expressly states that the only reason they reference the expert opinion rules is to show the liberal thrust of the Federal Rules in allowing all types of opinions into evidence. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 169, 109 S.Ct. 439, 450, 102 L.Ed.2d 445 (1988).

8. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

9. *E.I. du Pont de Nemours and Co., Inc. v. Robinson,* 923 S.W.2d 549 (Tex.1995) and the many Texas cases now citing and following *du Pont.*

"opinion" evidence in 803(6) and "factual findings" in Rule 803(8). While the Supreme Court in *Beech* spends a good deal of time relating the legislative history and why these two terms mean the same thing, there are critical distinctions when trying to apply their legislative history to our rules. Even if we were bound by their construction, which we are not, as noted above *Beech* did not address the specific issues presented to us.[10]

First, basic rules of construction dictate that if different words are used, presumptively they mean different things. *See Guarantee Mutual Life Insurance Co. v. Harrison,* 358 S.W.2d 404, 407 (Tex.Civ. App.—Austin 1962, writ ref'd n.r.e.) Under the majority analysis the distinction is entirely lost. Under established Texas precedent, we do not turn to legislative history unless the words cannot be reconciled without a deeper inquiry. *Stauffer v. Henderson,* 801 S.W.2d 858, 868 (Tex. 1990); *McLendon v. Texas Dept. of Public Safety,* 985 S.W.2d 571, 581 (Tex.App.— Waco 1998, no pet.).

Second, by the time Texas adopted the rules of evidence in 1983, the potential for different interpretations of 803(8) was well known.[11] Thus we must presume that by using the different words, the authors of our rules intended the rules to apply to different types of information. If they intended both rules to apply to "opinions" and not just "factual findings," it is presumed they would have resolved the conflict by using the same term in Rule 803(8) as they used in 803(6).

Third, there is some indication the drafters contemplated a live witness to present the hearsay exception evidence required by Rule 803(8). Documents containing opinions which are business records exceptions to the hearsay rule under 803(6) can meet the admissibility requirements for both authentication and as a hearsay exception by an affidavit in conformity with Rule 902(10) without the need for a sponsoring witness to appear live at trial. While a public record may be authenticated without a sponsoring witness under Rule 902(1)-(4) there is no provision similar to Rule 902(10) for the proof necessary to show a hearsay exception for a public record under 803(8). This is a strong indication that the authors of the rules thought a live sponsoring witness was necessary for the latter.

Finally, as the lower court in *Beech* noted, the federal courts have a very powerful tool to limit unreasonable reliance on such reports. They can comment on the weight to be given such reports and caution the jury that they are not to surrender their decision making responsibility to the author of such a report. *Rainey v. Beech Aircraft Corp.,* 827 F.2d 1498, 1515 (11th Cir.1987). Obviously this option is not available in Texas state courts, because trial court judges are prohibited from commenting upon the weight to be given any evidence. Tex.R. Civ. P. 227; *Redwine v. AAA Life Ins. Co.,* 852 S.W.2d 10, 14 (Tex.App.—Dallas 1993, no writ). Thus, there are sound reasons to require satisfactory proof under the 700 series of the rules of evidence of the need for and reliability of opinions before they are admitted even if the public records exception to the hearsay rule, 803(8), or any other hearsay exception, has been satisfied.

## HEARSAY

Additionally, I find nothing in this record to establish that Exhibit 5 met the requirements of Rule 803(8). Unlike the medical records that were admitted under Rule 803(6), which are supported by a self proving business records affidavit under Rule 902(10), there is no evidence of each

---

**10.** Even if we adopt their construction of 803(8) that "factual findings" and "opinions" mean the same thing, we still do not have to admit opinions for which no predicate has been presented. See footnote 7.

**11.** Note, The Scope of Federal Rule of Evidence 803(8)(C), 59 Texas. L.Rev. 155 (1980) (advocating narrow interpretation).

element necessary to establish that Exhibit 5 is a public record as defined by Rule 803(8). Further, the exhibit is not "certified" in any manner. In fact it is stamped "FIELD COPY—NOT FROM CUSTODIAL [illegible-FILE?]." McRae specifically noted she was not challenging authentication but she did raise a hearsay objection to the document which was overruled. Therefore, I would hold that the hearsay objection should also have been sustained.

## CONCLUSION

Exhibit 5 should not have been admitted. It was compelling evidence used by Echols to prove he was not negligent and that McRae was negligent. I would hold that the error in admitting the exhibit was harmful, reverse the judgment and remand for a new trial.