v02465.cp1



















NUMBER 13-02-465-CV
 
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      
 
PERLA MADRIGAL,                                                            Appellant,

v.
 
BONNIE SOLIZ,                                                                           Appellee.
                                                                                                                       

On appeal from the County Court at Law No 2 
of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez and Garza 
Memorandum Opinion by Justice Yañez

          Appellant, Perla Madrigal, appeals from a judgment rendered against her for
damages sustained by appellee, Bonnie Soliz, pursuant to an automobile accident
involving appellant and appellee’s grandson, Brian Soliz. In five issues, appellant
challenges: (1) the trial court’s admission of the police accident report into evidence; (2)
the sufficiency of the evidence establishing that she was the driver of the vehicle involved
in the accident; (3) the legal and factual sufficiency of the evidence supporting the trial
court’s judgment against her; (4) the legal and factual sufficiency supporting the amount
of damages awarded; and (5) the trial court’s denial of her motion for directed verdict. We
affirm.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
          In her first issue, appellant contends the trial court erred in admitting a copy of the
police accident report under the “business record” exception to the hearsay rule pursuant
to Texas Rule of Evidence 803(6).


 Specifically, appellant complains that no foundation
was laid by the custodian of the records, either by testimony or affidavit, as required by rule
803(6). See Tex. R. Evid. 803(6). 
          Whether to admit or exclude evidence is a matter committed to the trial court's
sound discretion. Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989). A
trial court abuses its discretion when it acts without regard to any guiding rules or
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
We will sustain the trial court's ruling, even if the wrong reason is given for the decision,
if it is otherwise correct on any theory of law that is applicable to the case. See Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (stating that this principle "is
especially true with regard to admission of evidence").
          The business records exception to the hearsay rule can only be established by live
testimony or by affidavit, and not by the face of the document itself. See State v. Foltin,
930 S.W.2d 270, 273 (Tex. App.–Houston [14th Dist.] 1996, writ denied). Here, the
investigating officer’s report was offered into evidence without a supporting witness.
          However, accident reports are admissible under rule 803(8) as exceptions to the
hearsay rule. Tex. R. Evid. 803(8);


 McRae v. Echols, 8 S.W.3d 797, 799 (Tex.
App.–Waco 2000, pet. denied) (citing cases). We conclude the trial court did not err in
admitting the accident report.


 We overrule appellant’s first issue. 
                                              Sufficiency of the Evidence
          In her second issue, appellant contends there is “no evidence” supporting the finding
that she was the driver of the vehicle involved in the accident. In her third issue, appellant
challenges the legal and factual sufficiency of the evidence supporting the trial court’s
finding that appellee “met and proved [her] pleadings.” 
          Appellant argues that at trial, Brian Soliz, the driver of appellee’s vehicle, testified
he was unable to identify appellant and did not know her name. Appellant also argues that
Brian Soliz’s testimony at trial contradicted appellee’s pleadings regarding the direction in
which Soliz was traveling when the accident occurred. 
          When we review a "no evidence" or legal sufficiency of the evidence issue, we must
consider all of the record evidence in a light most favorable to the party in whose favor the
verdict has been rendered, and indulge in that party's favor every reasonable inference
deducible from the evidence. Formosa Plastics v. Presidio Eng'rs, 960 S.W.2d 41, 48
(Tex. 1998); Adams v. H. & H. Meat Prod., Inc., 41 S.W.3d 762, 770 (Tex. App.–Corpus
Christi 2001, no pet.). When both legal and factual sufficiency issues are raised, we must
first review the legal sufficiency to determine if there is any evidence of probative value to
support the judge's findings. Adams, 41 S.W.3d at 770 (citing Glover v. Tex. Gen. Indem.
Co., 619 S.W.2d 400, 401 (Tex. 1981)). The findings of fact must be upheld if there is
more than a scintilla of evidence in support thereof. Id. There is more than a scintilla when
the evidence creates more than a mere surmise or suspicion of its existence. Id. 
          If the findings are supported by legally sufficient evidence, we must then review the
factual sufficiency of the evidence. Id. When we review an "insufficient evidence" or
factual sufficiency of the evidence issue, we consider, weigh and examine all of the
evidence which supports or undermines the finding. Id. We set aside the verdict only if
it is so against the great weight and preponderance of the evidence as to be manifestly
unjust. Id. (citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)). Because the
trier of fact is the sole judge of the credibility of the witnesses and the weight to be given
their testimony, we may not substitute our judgment for that of the fact finder's conclusions. 
Id.
          A trial court's legal conclusions will be upheld on appeal if the judgment can be
sustained on any legal theory supported by the evidence. Id. at 769-70. Incorrect
conclusions will not require a reversal if the controlling findings of fact will support a correct
legal theory. Id. at 770. Moreover, conclusions of law may not be reversed unless they
are erroneous as a matter of law. Id.
          Here, the officer’s report is on a pre-printed form entitled, “Texas Peace Officer’s
Accident Report,” a form substantially similar to the officer’s report form in McRae. See
McRae, 8 S.W.3d at 800. The report identifies appellant as the driver of “Unit No. 1.” In
a section entitled, “Investigator’s Narrative Opinion of What Happened,” the officer wrote:
Witness # 1 advised that she was southbound on 700 Mesquite stopped at
the red light. She observed that both Unit #1 and Unit #2 [Brian Soliz] had
green lights, but Unit #1 failed to yield R.O.W. and turned left in front of Unit
#2. Unit #2 was unable to stop in time and was struck by Unit #1 as she
turned left. Unit #2 left approximately 33 feet of skid marks. Witness #1
[name, address, and telephone number of witness]
 
In the section labeled, “Charges Filed,” the report notes that appellant was given a citation
for failure to yield right-of-way. In the section entitled, “Factors and Conditions Listed Are
the Investigator’s Opinion,” the report notes that “Unit 1” “failed to yield ROW - turning left.”
          We conclude appellant’s challenges to the sufficiency of the evidence are without
merit. The accident report identifies appellant as the driver of the vehicle that failed to yield
the right-of-way, resulting in the accident. We hold that the evidence is legally and factually
sufficient to support the trial court’s judgment that appellant proximately caused appellee’s
damages. We overrule appellant’s second and third issues.
Damages
          In her fourth issue, appellant challenges the legal and factual sufficiency of the
evidence supporting the trial court’s award of damages. The trial court’s judgment awards
appellee $4,959.12 plus post-judgment interest. At trial, appellee testified that although
her insurance company “totaled the car” and paid her for its actual value,


 her preference
was to have the vehicle repaired. Appellee’s insurance adjuster testified that he estimated
the cost of repairs to the vehicle at $4,959.12. We hold that the evidence is legally and
factually sufficient to support the trial court’s award of damages. We overrule appellant’s
fourth issue.
Motion for Directed Verdict 
          In her fifth issue, appellant contends the trial court erred in denying her oral motion
for directed verdict. 
          An appeal from the denial of a motion for directed verdict is in essence a challenge
to the legal sufficiency of the evidence. Kershner v. State Bar of Tex., 879 S.W.2d 343,
346 (Tex. App.–Houston [14th Dist.] 1994, writ denied); see Reyna v. First Nat’l Bank, 55
S.W.3d 58, 69 (Tex. App.–Corpus Christi 2001, no pet.). We have already determined that
the evidence is legally and factually sufficient to support the trial court’s judgment. Thus,
the trial court did not err in denying appellant’s motion for directed verdict. We overrule
appellant’s fifth issue. 
          We AFFIRM the judgment of the trial court. 
 
 _____________________
                                                                                      LINDA REYNA YAÑEZ
                                                                                      Justice


Memorandum Opinion delivered
and filed this the 31st day of August, 2004.