IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00113-CV

 

John Lingafelter, et al.,

                                                                      Appellants

 v.

 

Brent J. Shupe, JCJ Trucking

and Midwest Coast Transport 

D/B/A MCT,

                                                                      Appellees

 

 

 



From the 249th District Court

Somervell County, Texas

Trial Court # C2K09299

 



MEMORANDUM 
Opinion



 

This is a personal injury suit
arising from a major multiple car/truck accident on Highway 67 at the Brazos River
 Bridge, which caused a fire completely destroying
three of the vehicles and seriously injuring the occupants of the vehicles.  The case was tried to a jury, which returned
a verdict that the driver of a pickup truck (Joseph Heppler) was the cause of
the accident.  The trial court entered a
take nothing judgment.  Appellants assert
in five issues: 1) error in denying Plaintiffs’ jury submission on negligent
entrustment; 2) error in admitting the report and opinion of DPS Trooper
Wilson; 3) error in failing to strike the testimony of Defendants’ accident
reconstructionist, Joseph Hinton; 4) no evidence and 5) insufficient evidence
to support zero damage findings.  We will
overrule issues two and three.  We will
sustain issues one, four, and five and will reverse the judgment and remand the
cause for a new trial.

THE
ACCIDENT

On June 30, 2004, Brent Shupe was the driver of a tractor
trailer heading west bound on Highway 67 at about 65-70 mph.  As he approached the Brazos River
 Bridge, which is an old, narrow, steel-encased suspension
bridge, a truck-tractor pulling a wide load traveling east had stopped on the
bridge, which caused traffic to stack up behind it.  A van was several vehicles behind the wide
load and a pickup truck driven by Heppler (Heppler pickup) was behind the van.  The van came to a stop, and the Heppler
pickup rear-ended the van causing the Heppler pickup to swerve into the west
bound lane and into the path of Shupe’s tractor trailer.  The tractor trailer then hit the Heppler
pickup, shearing a fuel tank and causing a fire and injuries to the occupants
of the Heppler pickup.  Shupe lost
control of the tractor trailer and struck a Toyota (Lingafelter car) in the east bound lane
causing damage and injuries to the occupants. 
The occupants of the Lingafelter car originally sued Heppler, Shupe, JCJ
Trucking, and MCT.[1]  The occupants of the Lingafelter car settled with
Heppler for policy limits of $20,000. 
The other four occupants of the Heppler pickup then intervened in this
suit and were later named as Plaintiffs. 
Therefore, the occupants of the Lingafelter car and four of the
occupants of the Heppler pickup are the Appellants, and Shupe, JCJ Trucking,
and MCT are the Appellees.




NEGLIGENT
ENTRUSTMENT CHARGE

Appellants complain of the trial
court’s failure to submit a requested instruction on negligent entrustment.

Standard
of Review

Texas Rule of Civil Procedure 278
requires a trial court to submit instructions and definitions to the jury as
are necessary to enable the jury to render a verdict.  Tex.
R. Civ. P. 278; Elbaor v. Smith,
845 S.W.2d 240, 243 (Tex.
1992).  Our review of the trial court’s
submission is under an abuse of discretion standard.  European
Crossroads' Shopping Ctr., Ltd. v. Criswell, 910 S.W.2d 45, 54 (Tex. App.—Dallas
1995, writ denied).  The trial court has
broad discretion in submitting jury questions as long as the submission fairly
places the disputed issues before the jury. 
Varme v. Gordon, 881 S.W.2d
877, 881 (Tex. App.—Houston [14th Dist.] 1994, writ denied).  Controlling issues may be submitted by
questions, instructions, definitions, or a combination thereof.  Tex.
R. Civ. P. 278; Wright Way Constr.
Co. v. Harlingen Mall Co., 799 S.W.2d 415, 422 (Tex. App.—Corpus Christi
1990, writ denied).  A trial court is
afforded more discretion when submitting instructions than when submitting
questions.  Wal-Mart Stores, Inc. v. Middleton, 982 S.W.2d 468, 470 (Tex.
App.—San Antonio 1998, pet. denied). 
However, a trial court’s discretion in submitting instructions is not
absolute; the trial court must submit instructions “as shall be proper to
enable the jury to render a verdict.”  See Tex.
R. Civ. P. 277.

To determine if the failure to
submit a requested instruction is error, we must consider the pleadings, trial
evidence, and the entire charge.  Island Recreational Dev. Corp. v. Republic of Tex. Sav.
Ass’n, 710 S.W.2d 551, 555 (Tex. 1986) (op. on reh’g).  Further, an error will be deemed reversible
only if, when viewed in the light of the totality of the circumstances, it
amounted to such a denial of the rights of the complaining party as was
reasonably calculated to and probably did cause the rendition of an improper
judgment.  Id.

Proof of negligent entrustment
requires: 1) entrustment of a vehicle by the owner; 2) to an unlicensed,
incompetent, or reckless driver; 3) that the owner knew or should have known to
be unlicensed, incompetent, or reckless; and 4) the driver’s negligence on the
occasion in question; 5) proximately caused the accident.  Williams
v. Steves Indus., Inc., 699 S.W.2d 570, 571 (Tex. 1985).

Jury
Charge

During the charge conference,
Appellants requested an instruction on negligent entrustment, which stated:

As to Midwest Coast Transport d/b/a MCT,
“negligence” means entrusting a vehicle to an incompetent or reckless driver if
the entrustor knew or should have known that the driver was incompetent or
reckless.  Such negligence is a proximate
cause of a collision if the negligence of the driver to whom the vehicle was
entrusted is a proximate cause of the collision.

 

The trial court denied this
instruction.  The trial court did provide
instruction on how a fact may be established and provided definitions of
negligence, ordinary care, proximate cause, sole proximate cause, and sudden
emergency.

Question No. 1
submitted to the jury read:

Did the negligence, if any, of those named below
proximately cause the occurrence in question?

 

Answer “Yes” or “No”




 

a.                 
Midwest Coast Transport d/b/a MCT         _______

b.                 
Brent J.
Shupe                                                _______

c.                 
Joseph
Heppler                                      _______

 

The jury answered “yes” for Heppler
and “no” for MCT and Shupe.

Question No. 2
submitted to the jury read:

What percentage of the negligence that caused
the occurrence do you find to be attributable to each of those found by you, in
your answer to Question 1, to have been negligent?

 

The percentages you find must total 100
percent.  The percentages must be
expressed in whole numbers.  The negligence
attributable to a person named below is not necessarily measured by the number
of acts or omissions found.  The
percentages attributable to a person need not be the same percentage attributed
to that person in answering another question.

 

 

a.                 
Midwest Coast Transport d/b/a MCT         _______%

b.                
Brent J.
Shupe                                                _______%

c.                 
Joseph
Heppler                                      _______%

 

TOTAL                                                        100%

 

The jury answered “100 %” for
Heppler and “0 %” for MCT and Shupe.

Was
the Failure to Instruct Error?

Appellants pled
negligent entrustment by MCT.  Appellants
also introduced evidence that: 1) Shupe was employed by JCJ Trucking who had a
lease agreement with MCT to lease Shupe and the truck to MCT; 2) MCT was
responsible to qualify and approve Shupe to drive; 3) MCT’s qualification
department qualified Shupe; 4) MCT’s safety director, who had 37 years of
experience at MCT, rejected this qualification due to Shupe’s two prior driver’s
license suspensions and five speeding tickets; 5) MCT’s vice president of
safety vetoed this rejection; 6) Shupe drove on probation starting in November
1999 and was released to drive on his own on March 3, 2000; 7) Shupe received a
speeding ticket on March 9, 2000; and 8) Shupe informed MCT of a ticket at his
annual review, but MCT kept him qualified.

Based on the pleadings and the
evidence, we find that Appellants were entitled to a jury instruction on
negligent entrustment by MCT.  Considering
the entire jury charge, we find that the trial court did ask the jury to find
whether the negligence, if any, of the owner (MCT) or the driver (Shupe),
proximately caused the accident and based on this question, their percentage of
negligence, if any.  This submission
placed only elements four and five of negligent entrustment before the
jury.  Thus, because the issue was raised
by the evidence and because the trial court submitted only part of Appellants’
theory of recovery, we find the trial court erred in not submitting elements
one, two and three of negligent entrustment as set out in the jury instruction
requested by Appellants.  See Tex.
R. Civ. P. 277; Varme, 881 S.W.2d at 881.  The instruction requested by Appellants and
denied by the trial court would have been sufficient to fully place this issue
before the jury and provide guidance in its consideration of the negligence question
as to MCT.

Was
the Error Harmful?

Appellants
argue that, as submitted, this whole case turned on whether the negligence of
Heppler or Shupe caused the accident.  They argue that if the jury had been properly
instructed on negligent entrustment by MCT, the jury would have considered
whether Shupe should have even been behind the wheel that day.  Appellees, on the other hand, argue that
there could be no harm because the jury found that Shupe was not negligent.

In
addition to the evidence listed above regarding the issue of negligent
entrustment, the evidence shows the following: 1) The Brazos River bridge is an
old, narrow, steel-encased suspension bridge with only two lanes divided by a
double yellow stripe, a low clearance, no shoulder, and a small curb only about
one foot in width; 2) there is a shoulder before the bridge in the direction
Shupe was driving to allow a vehicle to pull over; 3) the highway was busy that
day because the Fourth of July holiday was approaching; 4) Shupe was carrying
15,000 – 20,000 pounds of cargo that day; 5) Shupe had never driven across this
bridge before; 6) Shupe did not notice that in the oncoming lane, on the bridge,
there was a stopped wide load, which had large “wide load” signs in yellow and
black letters; 7) Shupe did not stop or significantly slow down as he
approached the bridge, passed the wide load, passed 6-8 vehicles stopped behind
the wide load (three of which were farm trucks with tanks); and 8) Father John
Anderson (the driver of a vehicle close behind the wide load) testified that he
was uncomfortable and scared when Shupe drove by him because of Shupe’s speed
and how close he was to his van because of the narrowness of the bridge.

The
evidence clearly supports a negligent entrustment submission.  Based on all of the evidence listed above,
the jury, had it been properly instructed, could have found all the elements of
negligent entrustment by MCT: 1) MCT entrusted the tractor trailer to Shupe
(uncontroverted), 2) Shupe was a reckless or incompetent driver based on his driving
record, 3) MCT knew of Shupe’s driving record (uncontroverted), 4) Shupe was
negligent in the context of negligent entrustment, and 5) his negligence proximately
caused the accident.  Because the jury
verdict was against the proponent of the negligent entrustment issue
(Appellants), the error was harmful.  See Wright Way Constr. Co. v. Harlingen Mall
Co., 799 S.W.2d 415, 424 (Tex. App.—Corpus Christi 1990, pet. denied)
(trial court denied an instruction on the defense of estoppel; appellate court
found that based on the evidence, the jury could have found that the appellee
was estopped and because the jury verdict was against the proponent of the
issue, the error was harmful).  We
believe that the evidence strongly supports a finding that Shupe was
negligent.  Thus, in light of the
totality of the circumstances, we find that this jury charge error amounted to
such a denial of the rights of the complaining parties that it is reasonably
calculated to and probably did cause the rendition of an improper judgment.  Tex. R.
App. P. 44.1(a)(1); see Island
Recreational, 710 S.W.2d at 555.

We
sustain issue one.  We will remand the
cause for a new trial.

EXPERT WITNESSES

We address issues
two and three because they are likely to recur in a retrial.

Standard
of Review

The standard of
review for the admission of expert testimony is abuse of discretion, which is
whether the trial court acted without reference to any guiding rules or
principles.  E.I. du Pont de Nemours and Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995).  A
proponent must show that the expert witness is qualified, and that the expert’s
testimony is relevant to the issues of the case and is based on a reliable
foundation.  Id. at 556.  For
qualification, the trial court must determine if the expert has “knowledge,
skill, experience, training, or education” that would assist the trier of fact
in understanding the evidence or determining a fact issue.  See
Tex. R. Evid. 702.  Whether a witness is qualified to offer
expert testimony is a matter committed to the trial court's discretion.  Broders
v. Heise, 924 S.W.2d 148, 151 (Tex. 1996).  To
be relevant, the proposed testimony must be “sufficiently tied to the facts of
the case that it will aid the jury in resolving a factual dispute.”  Robinson,
923 S.W.2d at 556.  To be reliable, the evidence
must be grounded in the methods and procedures of science.  Id. at 557.

Report
and Opinion of Trooper Wilson

Prior
to trial, Appellants filed a motion to strike Trooper Wilson’s testimony.  The trial court held a Robinson hearing and denied Appellants’ motion.  Trooper Wilson testified and his report stated that Heppler,
the driver of the pickup truck, was the sole cause of the accident.

Appellants
argue that allowing the report and opinion of Trooper Wilson was error because
the trooper was not qualified as an accident reconstructionist and his
testimony and report stated his opinion as to the cause of the accident.  Appellants concede that Trooper Wilson’s oral
testimony and his report gave the same opinion. 
Appellees argue that Trooper Wilson had “level two accident
reconstruction training” by the Department of Public Safety and was therefore
qualified to give his opinion as to causation in his oral testimony and in his
written report.

The opinion of an
investigating officer with level two reconstruction training is
admissible.  See Sciarrilla v. Osborne, 946 S.W.2d 919, 920-23 (Tex.
App.—Beaumont 1997, pet. denied) (finding investigating officer qualified after
advanced accident reconstruction training); DeLeon
v. Louder, 743 S.W.2d 357, 359 (Tex. App.—Amarillo 1988, writ denied)
(finding investigating officer with accident reconstruction training qualified
to testify regarding causation).  An
investigating officer’s accident report, which contains his opinion on
causation, is also admissible.  McRae v. Echols, 8 S.W.3d 797, 800 (Tex.
App.—Waco 2000, pet. denied).  After
reviewing the Robinson hearing, we
find that the trial court did not abuse its discretion in finding Trooper
Wilson qualified to give his opinion as to causation in his oral testimony.  Tex.
R. Evid. 702; Robinson, 923
S.W.2d at 556-58.  Nor did the court err
in admitting the accident report containing his opinion on causation.  McRae,
8 S.W.3d at 800.  We overrule issue two.

Testimony
of Accident Reconstructionist

Prior to trial, Appellants filed a
motion to strike Joseph Hinton’s testimony. 
The trial court held a Robinson hearing
and denied Appellants’ motion.  Hinton
testified that Shupe recognized danger appropriately and could not have avoided
the accident.

Appellants argue that Hinton was not
qualified to give his opinion as to accident causation because he is not a
commercial truck driver.  Appellants
admit that Hinton is qualified as an accident reconstructionist, but argue that
Hinton’s opinions were not reliable because they were based on “estimates” made
by Trooper Wilson and that Hinton’s calculations at 50 mph were irrelevant
because they were not based on the facts of the case.

Appellees argue that an accident
reconstructionist does not have to be a commercial truck driver to give his
opinion as to causation.  They also argue
that Hinton’s opinions have a reliable basis in the scientific principles of
accident reconstruction, which includes calculations of perceptions, reaction time,
skid time, and braking efficiency.  They
also state that his 50 mph calculations were performed to see if the accident
was preventable.

We do not find any Texas precedent that an accident reconstructionist
must also be a commercial truck driver to be qualified as an opinion
expert.  After a review of the Robinson hearing, we find that the trial
court could determine: 1) Hinton is qualified because he had knowledge, skill,
experience, training, and education that would assist the jury regarding the cause
of the accident and Shupe’s actions as the truck driver; and 2) his opinions are
reliable because they are based on tested scientific principles of accident
reconstruction.  Thus, the trial court
did not abuse its discretion in admitting his testimony.  Tex. R.
Evid. 702; Robinson, 923
S.W.2d at 556-58.  We overrule issue
three.

ZERO
DAMAGES FINDING

Appellants argue that there is no
evidence and insufficient evidence to support the jury findings of zero damages
on all elements submitted.  Appellees concede
there is evidence of damages, but argue harmless error based on the jury’s
no-liability verdict.  Because we reverse
on the liability issues and remand for a new trial, we sustain issues four and
five.

CONCLUSION

We overrule Appellants’ second and
third issues.  We sustain Appellants’
first, fourth, and fifth issues.  We reverse
the judgment and remand the cause for a new trial.

 

 

BILL VANCE

                                                                   Justice

 

Before Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

          (Chief
Justice Gray dissenting)

Reversed and remanded

Opinion delivered and filed November 17, 2004

[CV06]











    [1]       Shupe was employed by JCJ Trucking who
had a lease agreement with MCT to lease Shupe and the truck to MCT.