NO. 07-11-00313-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 30, 2012

BRANDY SALINAS, APPELLANT

v.

TOMMIE ALLEN AND DESIGN TRANSPORTATION
SERVICES, INC., APPELLEES

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-540,523; HONORABLE RUBEN GONZALES REYES, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Brandy Salinas appeals from a judgment in favor of appellees, Tommie Allen and Design Transportation Services, Inc., following a jury trial. Salinas contends that the trial court committed reversible error in denying her motion for new trial. We will affirm.

Factual and Procedural Background

On July 22, 2007, Salinas was involved in a collision with Allen at the intersection of North Loop 289 and the Clovis Highway in Lubbock, Texas. At the time of the

collision, Salinas was headed in an easterly direction on the Clovis Highway. Allen was driving his 18 wheel tractor-trailer rig on a trip to Utah. From the trial testimony, Allen had proceeded around the south and western parts of Lubbock via Loop 289. Upon approaching the overpass of Loop 289 and the Clovis Highway, Allen exited the Loop and proceeded toward the intersection of the Loop 289 access road and the Clovis Highway. Allen was attempting to turn in a westerly direction when his trailer collided with Salinas's vehicle.

During the trial, the primary facts at issue were centered upon the actions of Allen at the stop sign, and those of Salinas after seeing Allen's tractor-trailer rig entering the intersection. Following receipt of the evidence, the trial court submitted a global question that inquired: "Did the negligence, if any, of those named below proximately cause the occurrence in question?" The jury was instructed to answer "Yes" or "No" as to both Allen and Salinas. The jury returned an answer of "No" as to Allen, and "Yes" as to Salinas. Based upon the jury's answers, the trial court subsequently entered a take nothing judgment in favor of appellees.

Salinas filed a motion for new trial alleging that the evidence conclusively proved, as a matter of law, that Allen's negligence was a proximate cause of the collision. According to Salinas's brief, the trial court denied the motion for new trial, after conducting a hearing on the same.[1] Salinas gave notice of appeal and, by that appeal, contends that the trial court abused its discretion in overruling the motion for new trial because Allen admitted fault during the trial, and because Allen stated he did not see

---

[1] We reference the brief of Salinas on this matter as the trial court's order overruling the motion for new trial was not included in the clerk's record provided to the Court.

2

Salinas's vehicle until he was already in the middle of the intersection. We disagree with Salinas and will affirm the judgment of the trial court.

## Standard of Review

In the case before the Court, Salinas is urging that the jury's answer of "No," as to Allen, in connection with the question concerning whose negligence proximately caused the occurrence in question, was against the great weight and preponderance of the evidence. Such is the proper standard of review for a factual sufficiency review of an issue that the moving party, Salinas, had the burden to prove. See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). In conducting such a review, the appellate court is directed to examine the record to determine if there is some evidence to support such a finding. Id. at 241. If such is the case, then the appellate court must ascertain, in light of the complete record, whether the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust or whether the great preponderance of the evidence supports its nonexistence. Id. at 242. We are obligated to review the evidence but we may not reverse simply because we feel the evidence preponderates toward an affirmative answer. See Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988). We may not substitute our judgment for that of the jury. See Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003).

## Analysis

We begin our analysis by reviewing the entire record to ascertain if there is some evidence to sustain the jury's finding. See Dow Chem. Co., 46 S.W.3d at 241. The evidence at trial consisted of the testimony of Salinas; her daughter, Makayla; Salinas's

3

mother, Janie Milbek; and Allen. Additionally, a number of pictures were introduced into evidence. Of primary importance were pictures of the configuration of the highway intersection where the accident occurred and pictures of Salinas's vehicle. The testimony of Allen and the pictures of the intersection and the front of Salinas's vehicle can be viewed to demonstrate that, even though Salinas saw the truck making a left turn in front of her, she never attempted to move to the right to avoid the collision. In contravention to Salinas's testimony that Allen did not come to a stop before entering the intersection, Allen testified that he came to a complete stop, and looked both ways before proceeding. Allen further testified that the passenger side of Salinas's vehicle struck the ICC bumper[2] on the trailer he was pulling. Allen opined that had Salinas turned, slowed down, or turned to the right at all, the collision could have been avoided. From this record, we find that there is some evidence to sustain the jury's answer to the question at issue. See id. We will now analyze the specific contentions that Salinas makes regarding the factual insufficiency of the evidence.

Was Allen's Testimony a Judicial Admission

According to Salinas, Allen made a judicial admission of liability that precludes the jury's finding of "No" as to the question at issue. Initially, we observe that the admission that Salinas refers to is a portion of the testimony of Allen at trial. This is important because such an admission is not a true judicial admission, but rather, a quasi-admission. See Mendoza v. Fid. & Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex. 1980) (holding that such quasi-admissions are merely some evidence, and

---

[2] The testimony and the pictures reflect that an ICC bumper is that lower portion of metal that is below the rear door assembly on a trailer rig. Its purpose is to prevent a vehicle from going beneath the trailer.

are not conclusive upon the admitter).  For such a quasi-admission to be treated as a judicial admission, the following must be present:

1) That the declaration relied upon was made during the course of a judicial proceeding.
2) That the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony.
3) That the statement is deliberate, clear, and unequivocal.  The hypothesis of mere mistake or slip of the tongue must be eliminated.
4) That the giving of conclusive effect to the declaration will be consistent with public policy upon which the rule is based.
5) That the statement is not also destructive of the opposing party's theory of recovery.

Id. (citing United States Fid.& Guar. Co. v. Carr, 242 S.W.2d 224, 229 (Tex.Civ.App.—San Antonio 1951, writ refused)).

For the purposes of our analysis, we will concentrate on the second and third elements set forth above.  A complete review of the testimony provided in the reporter's record demonstrates that, although Allen was ready to admit fault up to a point, he contended that Salinas was also at fault.  Specifically, Allen's position was that Salinas failed to take steps to avoid the collision in question.  Therefore, even if we take Salinas position that Allen admitted fault as true, the admission did not impact the efficacy of his defensive theory.  Simply put, Allen's admission that he was at fault "[u]p to a point" does not contravene his apparent defensive theory that Salinas failed to take the action that a reasonable person might have taken to avoid the accident.  See id.

Additionally, when the testimony at issue is read in its complete form, Allen admitted fault up to a point, but added that Salinas also ought to have some of the responsibility.  When questioned further, Allen reiterated that he was only at fault up to a

5

point.  This language does not qualify as a deliberate, clear, and unequivocal admission of liability.  See Hennigan v. I.P. Petroleum Co., Inc., 858 S.W.2d 371, 372 (Tex. 1993).

Therefore, we do not find Allen's statement to be a judicial admission, rather it is only a quasi-judicial admission.  See id.; Mendoza, 606 S.W.2d at 694.  Accordingly, the statements are only some evidence and are not conclusive as to Allen's negligence.

Allen's Failure to Maintain a Proper Lookout

Salinas next contends that the jury's answer was against the great weight and preponderance of the evidence because Allen failed to maintain a proper lookout.  To understand the proper legal perspective for this contention, we must remember that a negligence action is composed of the following elements: 1) existence of a duty, 2) a breach of that duty, and 3) damages proximately caused by the breach.  See Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).  Therefore, the evidence at trial could have clearly established that Allen failed to keep a proper lookout which, establishes a duty and a breach of that duty.  This, however, does not establish that Allen's failure to keep a proper lookout was necessarily the proximate cause of the damages suffered by Salinas.  Proximate cause consists of two elements, cause-in-fact and foreseeability.  See id. at 551.  Cause-in-fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred.  See IHS Cedars Treatment Ctr. of Desoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 799 (Tex. 2004).  To establish causation-in-fact, it is not enough that the harm would not have occurred had the actor not been negligent, the negligence must also be a substantial factor in bringing about the plaintiff's harm.  Id.

6

(citing Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 472 (Tex. 1991)).  It follows then that cause-in-fact is not established when the defendant's negligence does no more than furnish a condition which makes the injuries possible.  Id. (citing Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995)).

Next, we must consider the fact that the complained of answer was in response to a global submission question.  This is important for our analysis because it places the answer in the proper context.  Remembering that the question inquired as to whose negligence, if any, proximately caused the occurrence at issue, we see that this inquiry is, in reality, a three part inquiry.  It inquired about acts of negligence and proximate cause.  Proximate cause is then further divided into foreseeability and causation-in-fact.  Western Invs., 162 S.W.3d at 551.  However, the jury's answer to the inquiry of whether Allen's negligence proximately caused the accident was "No."  What did the jury mean by that answer?

The only thing we know for certain is that the jury's negative answer represents a refusal to find, from a preponderance of the evidence, that Allen's negligence proximately caused the occurrence in question.  See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).  In addressing meaning of a jury's answer to a global question, the Waco Court of Appeals, beginning in Dealers Elec. Supply v. Pierce, 824 S.W.2d 294, 294 (Tex.App.—Waco 1992, writ denied), has held that the broad form submission makes it impossible for a reviewing court to ascertain whether the jury felt one party was not negligent, or that party's negligence was not a cause of the occurrence in question, or that the other party had simply failed to meet its burden of proof.  Waco has continued to follow this holding.  See McRae v. Echols, 8 S.W.3d 797,

801 (Tex.App.—Waco 2000, pet. denied).  In accordance with the Waco Court's holding about the effect of an answer to a broad form negligence question, the Eastland Court of Appeals has stated, "Based on the broad-form submission of the question, we cannot determine from the jury's 'no' answer whether the jury believed that [appellee] was not negligent or that [appellee's] negligence was not a proximate cause of the [occurrence]." Discovery Operating, Inc. v. BP America Prod. Co., 311 S.W.3d 140, 163 (Tex.App.—Eastland 2010, pet. denied).  We agree with our sister courts and hold that, when a negligence case is submitted globally, as was the case here, a "No" answer as to a party makes it impossible for us to ascertain whether the jury thought Allen was not negligent, or that Allen's negligence was not a cause of the occurrence in question, or that Salinas simply failed to meet her burden of proof.  Under the record before us, we cannot say that Allen's failure to keep a proper lookout supports Salinas's proposition that the jury's answer to question number 1 was against the great weight and preponderance of the evidence.  Salinas's issue to the contrary is overruled.

Conclusion

Having overruled Salinas's issues, we affirm the judgment entered by the trial court.

Mackey K. Hancock
Justice

8